Ernest Gene DIMMICK, Appellant,

v.

STATE of Alaska, Appellee.

No. 970.

Supreme Court of Alaska.

Jan. 27, 1969.

John M. Savage, Savage, Erwin & Curran, Anchorage, for appellant.

Douglas B. Baily, Dist. Atty., Justin Ripley, Asst. Dist. Atty., Anchorage, for appellee.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, Justices.

NESBETT, Chief Justice.

Two issues are raised by this appeal.

The first is whether this court will reconsider and reverse its holding in Chase v. State [1] that insanity is an affirmative defense which the defendant has the burden of establishing by a preponderance of the evidence, in favor of the rule of Davis v. United States, [2] which holds that where a defendant has introduced evidence of mental incapacity the burden shifts to the government to prove the sanity of the defendant beyond a reasonable doubt.

The second is whether the above issue can be raised for the first time on appeal under the provisions of Criminal Rule 47 (b) which states that:

> (b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

or whether appellant's failure to object to the court's Chase instruction precludes raising the issue under that portion of Criminal Rule 30(a) which states:

> No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections.

At about 12:40 a. m. on July 27, 1967, appellant entered the Bottle Barn Liquor Store in Anchorage and announced to the clerk that he was committing a holdup, at the same time menacing her with what she thought was a pistol and threatening to kill her if she gave an alarm. A customer who entered the store was likewise threatened. Appellant's robbery netted him approximately $100 and a bottle of vodka.

By coincidence the robbery was witnessed by Officer Moerlins of the Anchorage Police Department who followed appellant in his patrol car and apprehended him a short distance from the scene of the robbery. As Officer Moerlins was attempting to take appellant in custody, appellant struck the officer over the head with the bottle of vodka, and with a fragment of the broken bottle cut the officer about his head.

At the trial appellant testified that because of a previous head injury he was subject to epileptic seizures which caused loss of muscular control on his right side and required that he take phenobarbital and Dilantin to prevent seizures. Appellant's testimony was that between 4 p. m. and 10 p. m. of the evening before the robbery he drank several bottles of beer and a number of bourbon highballs while he was at the same time taking phenobarbital and Dilantin tablets; that he had no recollection of anything that occurred from approximately 10 p. m. until he woke up in jail the following day.

Dr. William Rader, a psychiatrist who examined appellant in some depth, was unable to give an opinion as to whether the defendant had the capacity to appreciate the character and quality of his acts on the night of the robbery.

Appellant was indicted for robbery and assault with a dangerous weapon. The jury was instructed that the burden was on appellant to prove insanity by a preponderance of the evidence in accordance with Chase v. State.[3] Appellant did not object to the instruction and did not request an instruction based on the doctrine of Davis v. United States. Appellant was

---

1. 369 P.2d 997 (Alaska 1962).

2. 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895).

3. 369 P.2d 997 (Alaska 1962).

**776** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

convicted on both counts and sentenced to serve concurrent five-year terms.

We hold that appellant is not entitled to have the doctrine of *Chase* reviewed on this appeal.

▮ Criminal Rule 47(b) provides that "Plain errors" or "defects affecting substantial rights" may be noticed, although not brought to the attention of the court. The error of the trial court in failing to instruct the jury according to the doctrine of Davis v. United States instead of under the doctrine previously approved by this court in Chase v. State and affirmed in Bowker v. State,[4] if it was error, was not "plain error."

▮ Plain error under Criminal Rule 47(b) means error which is both obvious and substantial. An error is not plain where the record does not present the question in reasonable detail.[5]

▮ Timely objection by appellant to the giving of the *Chase* instruction would ordinarily have caused the trial judge and the district attorney to have expressed on the record their views as to the applicability of a *Davis* instruction. While it is possible that the trial judge would have felt bound by *Chase*, it is also possible that the particular facts of the case might have persuaded him otherwise. In either case, the record on appeal would have contained information invaluable to the appellate court in its reviewing functions. The main purpose of the rule is to require errors to be drawn to the attention of the trial court in time for their correction so as to avoid the inconvenience and expense of a new trial. Another reason is to obviate the temptation to save defenses for the purpose of obtaining a new trial on appeal.[6]

▮ The power of this court to consider a question presented for the first time on appeal under the provisions of Criminal Rule 47(b) is an exception to the provisions of Criminal Rule 30 forbidding a party from assigning as error any part of an instruction unless proper objection has been taken and will be exercised only where necessary to prevent a miscarriage of justice.[7]

The facts of this case do not warrant invoking Criminal Rule 47(b).

The judgment below is affirmed.

---

4. 373 P.2d 500, 502 (Alaska 1962).

5. Sykes v. United States, 373 F.2d 607, 612 (5th Cir.), cert. denied, 386 U.S. 977, 87 S.Ct. 1172, 18 L.Ed.2d 138 (1966) ; 8A J. Moore, Federal Practice ¶ 52.02 [2], at 52–3 (2d ed. 1968) ; see Kugzruk v. State, 436 P.2d 962, 963–964 (Alaska 1968), where this court discussed plain error under Crim.R. 47(b) and where it was said in part:

Also pertinent is Bowker v. State, [373 P.2d 500, 505 (Alaska 1962)], where we

said in regard to plain error that before we will notice a point that was not brought to the trial judge's attention, it must be "obviously prejudicial."

6. Sykes v. United States, 373 F.2d 607, 612 (5th Cir.), cert. denied, 386 U.S. 977, 87 S.Ct. 1172, 18 L.Ed.2d 138 (1966).

7. Petschl v. United States, 369 F.2d 769, 773 (8th Cir. 1966) ; see Thomas v. State, 391 P.2d 18, 20 (Alaska 1964) ; Goresen v. State, 432 P.2d 326, 327 (Alaska 1967).