**Mitchell J. TEEVAN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 991.**

Supreme Court of Alaska.

Feb. 24, 1969.

Eugene V. Miller, Fairbanks, for appellant.

Gerald J. Van Hoomissen, Dist. Atty., Stephen C. Cowper, Asst. Dist. Atty., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND, J.

NESBETT, Chief Justice.

Appellant was convicted of attempted larceny from the person and sentenced to two years' imprisonment.

His first point on appeal is that the court erred in forcing him to trial without a transcript of proceedings had at his preliminary hearing.

At the trial Thurman Luther, an Air Force enlisted man, testified that on the evening of February 21, 1967, he was drinking heavily at the Airmen's Club. He stated that at that time he had a cigarette lighter, dogtags, about $50 in cash, a billfold, a pen, and a comb in his pockets. At about 8:15 p. m. he went to Fairbanks and drank beer at the Gold Rush Saloon, ate a hamburger at Pete's Place, and was in the process of drinking another beer at the Riverside Bar when he went to sleep. He awoke at the police station and identified a cigarette lighter as being one identical to the one he carried in his pocket at the time he came to town. He testified that he had not seen the lighter since he went to sleep in the Riverside Bar.

The witness, Donald C. Lockhart, a bartender at the Riverside, testified that Luther had come into the bar, ordered a beer, and gone to sleep. After Luther had gone to sleep appellant and Melvin Roberts entered and sat down on Luther's left. Lockhart stated that he went to the restroom and as he was returning he noticed that appellant had his hand in Luther's trouser pocket, bringing out a cigarette lighter and a comb. Lockhart states that he took the lighter from appellant and called the police. He identified the lighter as being the one appellant had taken from Luther's pocket.

Officer John Heffle of the Fairbanks City Police stated that he came to the Riverside Bar in the early morning hours of February 22 and found Luther passed out at the bar with a wallet and some change on the floor near him and the lighter on the bar. He stated that one of Luther's pockets was turned inside out.

Kenneth Foote, a patrolman with the Fairbanks City Police, stated that he went to the Riverside Bar early in the morning of February 22 and that he saw a man passed out at the bar with some coins and

a billfold under him and that he apprehended appellant after Lockhart pointed appellant out as being involved in the theft.

Appellant's first point is without merit. The record reveals that on August 5, 1967, counsel for appellant's co-defendant Melvin Roberts requested a continuance of the trial on the ground that the transcript of the preliminary hearing would not be ready in time for trial on August 8, 1967. Counsel was requested to check with the clerk of the superior court to determine whether that office could produce a transcript in time for trial and report back to the court. Counsel for Roberts agreed to do so, but never reported back to the court. The request of appellant's co-defendant for a continuance was denied.

■ At no time did appellant or his counsel request a transcript of the preliminary hearing or a continuance of the trial date nor did he attempt to join in the motion made by his co-defendant. Under these facts appellant is not at liberty to raise the issue for the first time on appeal.[1]

Appellant's second point is that the evidence was insufficient to support a verdict of attempted larceny from the person and that the trial court erred in denying his motion for acquittal.

■ We have reviewed the evidence under the rule of Hobbs v. State,[2] by considering the facts most favorable to the state along with whatever reasonable inferences might be drawn from those facts, and conclude that there was sufficient direct evidence to support the verdict.

The judgment below is affirmed.

RABINOWITZ, J., took no part in this decision.

1. Dimmick v. State, 449 P.2d 774 (Alaska 1969).

2. 363 P.2d 357, 358 (Alaska 1961).