Joseph BARGAS, Appellant,

v.

STATE of Alaska, Appellee.

No. 1204.

Supreme Court of Alaska.

Sept. 27, 1971.

Victor D. Carlson, Public Defender, Anchorage, R. Collin Middleton, Asst. Public Defender, Ketchikan, for appellant.

G. Kent Edwards, Atty. Gen., Juneau, Stephen Cooper, Dist. Atty., Lyle R. Carlson, Asst. Dist. Atty., Fairbanks, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, and CONNOR, JJ.

## OPINION

DIMOND, Justice.

A jury found appellant guilty of selling a depressant, stimulant, or hallucinogenic drug, in violation of AS 17.12.010.[1] On

---

1. AS 17.12.010 provides:

Except as otherwise provided in this chapter, it is unlawful for a person to manufacture, compound, counterfeit, possess, have under his control, sell, prescribe, administer, dispense, give, barter, supply or distribute in any manner, a depressant, hallucinogenic or stimulant drug.

this appeal appellant raises several points of error allegedly committed during his trial, in addition to contending that the sentence imposed was cruel and unusual punishment and an abuse of discretion. We shall consider only one point which is dispositive of the entire case.

A 16-year-old juvenile, while on probation, cooperated with the police by assuming the role of an informant. His job as an informant was to meet people like appellant and make purchases of prohibited drugs in order that they could be arrested and prosecuted for violation of the drug laws.

According to his testimony at trial, the informant was given money by the police with which to purchase drugs. He went to a dance hall where young people congregated and asked appellant if he could have a capsule of acid. Appellant gave him a yellow capsule and the informant paid appellant $10.[2] He then reported the incident to Juvenile Police Officer Herl and gave him the capsule.

Shortly thereafter, Officer Herl confronted appellant and asked if he would submit to a voluntary search. Appellant refused and, according to Herl, then "bolted" or ran away. Testimony relating to this incident was introduced. In addition, evidence of appellant's refusal to submit to a search was used by the district attorney to incriminate appellant in his argument to the jury. On this appeal appellant contends that the introduction of evidence of appellant's refusal to submit to a search, and reference to this incident in the district attorney's closing argument, was a denial of appellant's rights under the fourth amendment to the federal constitution.

■ What appellant is talking about is his right to privacy. This is a right protected by the fourth amendment to the fed-

eral constitution and article I, section 14 of the state constitution, which prohibits unreasonable searches and seizures, and requires that no search warrant shall be issued except upon probable case, "supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

■ The rule is that under these constitutional guarantees a search warrant must be issued before a person may be searched. There are exceptions to the rule, but they are limited to cases where the exigencies of a situation make it imperative that one's right to privacy be invaded without first obtaining a search warrant.[3] The exception most often made is where a warrantless search is made incident to a lawful arrest.[4] But that would not have been justified here, because Officer Herl stated that he had not placed appellant under arrest when he stopped him and asked that he submit himself to a search.

■ What this case is all about is that appellant's assertion of his constitutional right not to have his privacy invaded without just cause was used against him to help establish guilt of the crime for which he was indicted. This is entirely impermissible. It would make meaningless the constitutional protection against unreasonable searches and seizures if the exercise of that right were allowed to become a badge of guilt.

Construction of the fifth amendment to the federal constitution furnishes a guide in this area. The fifth amendment provides, among other things, that no person shall be compelled in any criminal case to be a witness against himself. This provision has been construed by the United States Supreme Court to forbid comment by the prosecution on an accused's choice to remain silent and not to testify at his

2. The capsule turned out to be an amphetamine, commonly called STP.

3. Fresneda v. State, 458 P.2d 134 (Alaska 1969).

4. Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685, 694 (1969).

trial, and to forbid instructions by the court that such silence is evidence of guilt.[5] And similarly the Supreme Court has held that one's silence in the face of police interrogation may not be used against him at his trial.[6]

 A like principle applies here. One's assertion of his constitutional right not to submit to a search of his person cannot be used as evidence of guilt if this constitutional right is to have any meaning. That it was so used, and in a way damaging to appellant, is evident in this case. The informant testified that appellant sold an illegal drug to him. Appellant testified that he made no such sale. Officer Herl's testimony that appellant refused to submit to a search of his person after being pointed out as the drug pusher by the informant, undoubtedly carried considerable weight with the jury in returning its guilty verdict. It was error to allow Herl to testify as to appellant's refusal to submit to a search. We cannot say that this error was harmless beyond a reasonable doubt.[7] Therefore, there must be a new trial.

 The state contends that Herl's testimony was admissible because evidence of flight is commonly used to justify an inference of the accused's guilt. Apart from the validity of appellee's argument, as to which we entertain serious doubt,[8] the fact is that appellant's flight was inextricably related to his refusal to submit to an illegal search. Appellant's refusal to submit to that search, which clearly would have been illegal if done without his permission or a warrant, and his running away, signified guilt no more clearly than it did a natural desire to repel an unauthorized intrusion of his right to privacy.[9]

Appellant's counsel failed to object to Herl's testimony about his request to search appellant and appellant's refusal. The question is whether by failing to register an objection appellant waived the point as an issue on this appeal.

 The introduction of such testimony was error, as we have stated. Of greater significance is the fact that we consider this error so "obviously prejudicial," because of the manner in which it affected appellant's substantial constitutional rights against unreasonable searches and seizures and to a fair trial, that the error must be characterized as plain error. In regard to matters of plain error, it is established that this court may notice such errors although not brought to the attention of the trial court by an appropriate objection.[10] The plain error doctrine is reflective of the felt need "to mitigate * * * the harsh effects of a rigid application of the adversary method of trial, whereby the attorney's conduct binds his client." [11]

---

5. Griffin v. California, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106, 110 (1965).

6. Miranda v. Arizona, 384 U.S. 436, 468, 86 S.Ct. 1602, 1624, 16 L.Ed.2d 694, 720 n. 37 (1966).

7. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710–711 (1967).

8. In Wong Sun v. United States, 371 U.S. 471, 483, 83 S.Ct. 407, 415, 9 L.Ed. 2d 441, 452, n. 10 (1963), the court stated:

[W]e have consistently doubted the probative value in criminal trials of evidence that the accused fled the scene of an actual or supposed crime.

9. Wong Sun v. United States, 371 U.S. 471, 483, 83 S.Ct. 407, 415, 9 L.Ed. 2d 441, 452 (1963).

10. Crim.R. 47(b); Dimmick v. State, 449 P.2d 774, 776 (Alaska 1969); Bowker v. State, 373 P.2d 500, 505 (Alaska 1962). *Dimmick* defines plain error as that which is "both obvious and substantial." 449 P.2d at 776 (footnote omitted).

11. 8A J. Moore, Federal Practice ¶ 52.02 [2], at 52–4 (2d ed. 1970).

In our recent decision in Lanier v. State [12] we held that

> an attorney's waiver of his client's constitutional rights will be binding on the client—subject to established limitations —when it occurs during the trial and results from decisions made during the trial. Conversely, an attorney's waiver of his client's constitutional rights without his client's consent will not be binding on the client if the waiver occurs before or after the trial or is the result of a decision made during the pretrial period.

In *Lanier* we noted that a trial waiver by an attorney of his client's constitutional rights will not be binding in "exceptional circumstances," or if it denies the accused "effective representation" of counsel.[13] We also said that our plain error rule, Criminal Rule 47(b), was one of the established limitations to the rule which binds an accused to his counsel's in-trial waivers of constitutional rights.[14]

In the case at bar, the error in admitting Officer Herl's testimony undoubtedly had a significant impact on the jury's resolution of the issue of appellant's innocence or guilt. Since we have concluded that this error was in the nature of plain error, the rule in *Lanier* on counsel's in-trial waiver is inapplicable.

In light of our decision that the introduction of Officer Herl's testimony was plain error, requiring a new trial, we find it unnecessary to pass upon the other points raised by appellant.

The judgment is reversed and the case remanded for a new trial.

ERWIN, J., not participating.

12. 486 P.2d 981, 988 (Alaska 1971) (footnotes omitted).

13. Lanier v. State, 486 P.2d 981, 988 n. 16 (Alaska 1971).

14. *Id.*