Edward STORK, Appellant,

v.

STATE of Alaska, Appellee.

No. 2708.

Supreme Court of Alaska.

Jan. 26, 1977.

**100**

Terry C. Aglietti, Edgar Paul Boyo &
Associates, P. C., Anchorage, for appellant.

Glen C. Anderson, Asst. Dist. Atty., and
Joseph D. Balfe, Dist. Atty., Anchorage,
Avrum M. Gross, Atty. Gen., Juneau, for
appellee.

### OPINION

Before BOOCHEVER, C. J., and RABI-
NOWITZ, CONNOR, ERWIN and BURKE,
JJ.

BURKE, Justice.

In this case, Edward Stork appeals his
manslaughter conviction. The indictment
which issued on April 18, 1975 charged
Stork with killing his common law wife,
Ethel, "by shooting her with a handgun."
On August 18, 1975, a jury found Stork
guilty of manslaughter, as defined by AS
11.15.040.[1]

The state presented to the jury the theo-
ry that Stork had killed his wife in the
midst of a heated argument. In addition to
evidence of an argument occurring immedi-
ately before the shooting, the state offered

proof that Stork and his wife had for some
time been experiencing marital difficulties,
that Stork had a proclivity towards violence
and had broken his wife's nose a week prior
to her death, and that he was intoxicated at
the time that he shot Ethel Stork. A ballis-
tics expert testified that the weapon used in
the shooting was functioning normally and
that it had been fired at a distance of
approximately six inches from the victim.
The state also adduced testimony that
Stork had told three different exculpatory
versions of the shooting to various neigh-
bors and relatives. Stork, on the other
hand, testified that the gun had accidental-
ly discharged while he was removing its
clip, causing his wife's death.

Stork has raised five issues on appeal.
We turn first to his contention that the
trial court erroneously instructed the jury
on the elements required to convict him of
manslaughter. The court gave two man-
slaughter instructions, one of which set out
the substance of AS 11.15.080, which pro-
vides that manslaughter embraces a killing
by culpable negligence.[2] In its instruction,
however, the trial court omitted the term
"culpable" and instructed the jury only that
negligent performance of a lawful act can
constitute manslaughter. The instruction
of which appellant complains provided:

Manslaughter embraces a killing without
malice and intent, in doing some unlawful
act not amounting to a felony nor natu-
rally tending to cause death or great bod-
ily injury, *or in doing negligently some
lawful act,* or in omitting to perform a
legal duty. It is the unlawful killing of a
human being without intent to kill or
inflict the injury causing death, commit-
ted accidentally in the commission of
some unlawful act not felonious, *or in the
improper or negligent performance of an
act lawful in itself.* (Jury instruction no.
7) (emphasis added)

---

1. AS 11.15.040 provides:

    *Manslaughter.* Except as provided in §§ 10–
    30 of this chapter, a person who unlawfully
    kills another is guilty of manslaughter, and is
    punishable by imprisonment in the peniten-
    tiary for not less than one year nor more
    than 20 years.

2. AS 11.15.080 provides:

    *Negligent homicide.* Every killing of a hu-
    man being by the culpable negligence of an-
    other, when the killing is not murder in the
    first or second degree, or is not justifiable or
    excusable, is manslaughter, and is punishable
    accordingly.

■ Stork's attorney failed to object to this instruction at trial, and normally this failure would preclude our consideration of the point on appeal. Alaska Criminal Rule 30(a);[3] *Evans v. State,* 550 P.2d 830, 843 (Alaska 1976). Pursuant to Alaska Criminal Rule 47(b),[4] however, this court may notice "plain errors" or "defects affecting substantial rights" which were not previously brought to the attention of the trial court, and this plain error rule in effect provides an exception to the provisions of Criminal Rule 30(a). *Dimmick v. State,* 449 P.2d 774, 776 (Alaska 1969). We noted in *Dimmick* that the plain error exception should be exercised only "where necessary to prevent a miscarriage of justice." In the case before us, such a necessity exists.

The state has advanced the argument that since it presented to the jury no evidence tending to support a theory of negligent manslaughter, the omission in the instruction was not prejudicial to appellant. It concedes that if it had submitted the case to the jury on a negligence theory, an instruction distinguishing culpable negligence from ordinary negligence would have been necessary.

The state overlooks the fact that in final argument the prosecutor did argue an alternative theory of negligence, saying:

So, if you found that he didn't intend to kill his wife or it wasn't in the heat of passion but that he carelessly and heedlessly handled a weapon or that he was in . . . possession of a weapon, a 22, and did things when he was intoxicated, you will still find manslaughter. In other words this is an accident that shouldn't have happened and it happened maybe because he was intoxicated. But you will

have to review the evidence to decide what were the facts and what were the causes. But in Alaska the . . . you will be instructed that the . . . manslaughter is either voluntary or involuntary and there's no requirement either way.

■ In addition, the state fails to discuss the fact that Stork's own testimony placed the question of negligence before the jury. Stork testified that the gun went off accidentally, while he was unloading it. Thus, even if the jury chose to believe Stork's testimony, it could have convicted him of manslaughter under the court's instruction that negligent performance of a lawful act constitutes manslaughter. However, under our manslaughter provision, proof of ordinary negligence, not amounting to a reckless and wanton disregard of the consequences to others, is not sufficient to support a conviction for manslaughter. A degree of conduct "more reckless and wanton than would be involved in ordinary negligence is required" to constitute culpable negligence. *DeSacia v. State,* 469 P.2d 369, 372 (Alaska 1970).

■ Under these circumstances, the trial court's omission of the term "culpable" in its instruction on negligent manslaughter and its failure to give an instruction which delineated for the jury the difference between ordinary and culpable negligence substantially prejudiced the appellant and constitutes plain error. Since it is quite possible that these omissions contributed to the jury's verdict, reversal is required. *Love v. State,* 457 P.2d 622 (Alaska 1969). *See also Thomas v. State,* 522 P.2d 528 (Alaska 1974).

3. Alaska Criminal Rule 30(a) provides:

(a) *Requested Instructions—Objections.* At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. . . . No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which

he objects and the grounds of his objections. Opportunity shall be given to make the objection out of the hearing of the jury by excusing the jury or hearing objections in chambers.

4. Rule 47(b), Alaska Rules of Criminal Procedure provides:

(b) *Plain Error.* Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

The second issue raised by this appeal involves the trial court's failure to instruct the jury that the defendant's admissions should be viewed with caution, as mandated by Criminal Rule 30(b)(2). This case was tried before Criminal Rule 30(b) was amended in December, 1975, and at the time of trial it provided in pertinent part:

> The court shall instruct the jury on all matters of law which it considers necessary for the jury's information in giving their verdict, and whether or not requested to do so, shall give the following basic instructions on all proper occasions:
>
> \*   \*   \*   \*   \*   \*
>
> (2) That the testimony of an accomplice ought to be viewed with distrust and the oral admissions of a party with caution.

■ Although Stork's attorney neither requested that an instruction concerning his client's admissions be given nor objected to the court's failure to give such an instruction, we have on previous occasions held that the failure to give a mandatory instruction is an error which we must notice on appeal. *Kristich v. State,* 550 P.2d 796, 800–01 (Alaska 1975); *Anthony v. State,* 521 P.2d 486, 489–90 (Alaska 1974).

■ We consider first the threshold question of whether Stork's differing exculpatory versions of the shooting constituted oral admissions. On various occasions, Stork related three different exculpatory versions of the cause of his wife's death. He told one neighbor that the gun fell and went off; he told another neighbor that the weapon discharged as he was cleaning it; and he told his wife's brother-in-law that he was unloading the gun when it fired accidentally. The state argues that these inconsistent statements did not constitute admissions since they were exculpatory in nature. If the state is correct, and there were no oral admissions in evidence, the trial court was not required to instruct under Criminal Rule 30(b)(2). *See Avery v. State,* 514 P.2d 637, 644 (1973).

In his treatise on Evidence, McCormick distinguishes between confessions and admissions and points out that an admission need not be an acknowledgment of facts which directly establish the defendant's guilt. Statements which are intended to prove innocence but which, when proven untrue, imply guilt are admissions.

> [An admission exists where] the mere making of the assertion (without regard to its truth) tends to prove guilt. For example, in a conspiracy trial evidence was introduced that one defendant had denied knowing the other defendants on a given date. This was an admission because the assertion, when considered with other proof which tended to show it was erroneous, indicated consciousness of guilt and therefore permitted an inference of actual guilt. McCormick, *Evidence,* 2d Ed., § 146, p. 310, citing *Williamson v. United States,* 310 F.2d 192, 199 (9th Cir. 1962).[5]

Stork's conflicting versions of the cause of his wife's death follow the same pattern as the example given by McCormick. They constituted admissions because when considered together and compared with Stork's testimony at trial, they could have been interpreted by the jury as an attempt to cover up the truth and as proof of Stork's consciousness of guilt.

■ The issue for determination thus becomes whether the trial court's failure to give the mandatory instruction constituted reversible error. In three of our previous decisions we have discussed this issue in some detail, and our analysis in all three cases centered on the importance of the admission or the accomplice's testimony to the government's case and its impact on the jury's verdict. In *Bakken v. State,* 489 P.2d 120 (Alaska 1971), the defendant, charged with statutory rape, had allegedly made comments to his friend regarding the size of the prosecuting witness' vagina. We found that the friend's testimony "assumed

---

**5.** McCormick does point out that while some authorities view exculpatory statements which tend to imply guilt as admissions against inter-est others place exculpatory statements in a separate category. See *State v. Cobb,* 2 Ariz. App. 71, 406 P.2d 421, 423 (1965).

a crucial role in the conviction of Bakken,"[6] and held that the trial court's failure to give the mandatory instruction was obviously prejudicial, "given the closeness of the case and the importance of Johansen's testimony concerning Bakken's purported admission. . . ."[7] In *Anthony v. State*, 521 P.2d 486 (Alaska 1974) we used a similar analysis. In that case, an accomplice's testimony was the only evidence placing Anthony at the scene of the crime and reliably demonstrating his motive or guilty knowledge. We held that "because the testimony alone was a substantial factor leading to Anthony's conviction, the conclusion that the failure properly to instruct under Criminal Rule 30(b)(2) constituted prejudicial error is inescapable."[8] In *Kristich v. State*, 550 P.2d 796 (Alaska 1976), however, we found that the failure to instruct regarding an admission by the defendant was not prejudicial error. The defendant in that case told police that "the roll," house money in a gambling operation, was across the street. We held that in view of all the other evidence of maintenance of a gambling operation at the defendant's house, including early morning arrivals at the house, the sound of chips, gambling paraphernalia found on the premises, and money on a bar with people gathered around it, the admission did not appreciably affect the jury's verdict.

The facts of the case now before us fall somewhere between those in *Bakken* and *Anthony,* where the admission or accomplice's testimony essentially comprised the state's entire case, and those in *Kristich,* where other evidence of a gambling operation was plentiful. We conclude that the testimony of three witnesses regarding Stork's three conflicting versions of the shooting was a substantial factor leading to his conviction, especially since the prosecutor repeatedly emphasized this testimony in both his opening and closing arguments. Under the test for harmless error articulated in *Love v. State,* 457 P.2d 622, 632 (Alaska 1967), we cannot fairly say that the trial

court's omission of the mandatory instruction "did not appreciably affect the jury's verdict." The trial court's failure to give the Rule 30(b)(2) instruction constituted prejudicial error.

Because additional issues raised in this appeal may come up again during retrial of the case, we consider two points which would not otherwise be dispositive.

■ First, Stork contends that the prosecutor's questions regarding whether Stork had paid Ethel Stork's hospital bills or had supported their children after Ethel's death were improper. The trial court disallowed the question concerning payment of the hospital bills, but permitted the question regarding payment of child support. Although the state argues. that these questions constituted proper cross-examination and were designed only to impeach Stork's testimony that he had a close and caring relationship with his family, we find their probative value to be outweighed by their prejudicial effect. *See generally Poulin v. Zartman,* 542 P.2d 251, 260 (Alaska 1975).

■ Second, the appellant argues that repeated questioning regarding his failure to give a statement to the police was prejudicial error. Although Stork's attorney may have waived his client's fifth amendment rights by failing to object to this line of questioning, we need not reach the issue of plain error, due to our resolution of the other issues in this case. We do note, however, that due process is violated when the prosecution calls attention to the silence of the accused at the time of arrest. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Justice White confronted this issue in his concurring opinion in *United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975).

. . . When a person under arrest is informed, as Miranda requires, that he may remain silent, that anything he says may be used against him, and that he may have an attorney if he wishes, it

6. 489 P.2d at 123.

7. 489 P.2d at 125.

8. 521 P.2d at 492.

seems to me that it does not comport with due process to permit the prosecution during the trial to call attention to his silence at the time of arrest and to insist that because he did not speak about the facts of the case at that time, as he was told he need not do, an unfavorable inference might be drawn as to the truth of his trial testimony. 422 U.S. at 182–83, 95 S.Ct. at 2139.

We need not treat the sentencing issue which appellant has raised in this case.

REVERSED and REMANDED.

ERWIN, Justice, dissenting.

I dissent. I do not think this case is an appropriate one[1] in which to exercise the doctrine of plain error and to waive the requirement of Criminal Rule 30(a) requiring the appellant to object to the instruction in the trial court before his claim of error is considered on appeal.

1. See Erwin, J., dissenting, *Bakken v. State,* 489 P.2d 120, 127 (Alaska 1971).