**Raymond PADGETT, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3317.**

Supreme Court of Alaska.

Feb. 16, 1979.

Robert Adelman, Sue Ellen Tatter, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

John Scukanec, Susan Delbert, Asst. Dist. Attys., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

MATTHEWS, Justice.

Raymond Padgett was convicted of rape. He challenges numerous evidentiary rulings on appeal, only one of which merits detailed consideration. To understand it, a brief review of the facts of the case is necessary.

In the early afternoon of June 14, 1976, M.T. was sitting in her disabled vehicle on a deserted stretch of the Richardson Highway, awaiting the return of her boyfriend who had hitchhiked to a garage. Padgett drove by, stopped, and at first attempted to repair and start the vehicle. According to M.T., Padgett grabbed her from behind, threatened her with a screwdriver, and raped her. Padgett's testimony differed. He said M.T. made various suggestive gestures which enticed him to make a sexual advance. When he did so, she consented to sexual intercourse.

As Padgett left, M.T. took note of his vehicle license number and, shortly afterwards reported to the State Troopers that she had been raped. Padgett was arrested later that same day and taken to trooper headquarters in Glennallen. After being questioned for some time about the charge, Padgett stated that he had had "sexual intercourse with [M.T.] forcibly," although he didn't "know if you would call it against her will or not."

During the course of the interrogation, Padgett was advised that his car was being impounded. He was told that M.T. had stated that he had threatened her with a screwdriver and that a search warrant would be obtained to search for the screwdriver and other incriminating evidence. He was then asked if he would consent to a search of his car without a warrant. At first he consented, then he said he would only consent to a search in the back of the car. After further deliberation, he agreed to a search of all of it. The troopers then searched appellant's car and found six screwdrivers, four in a tool box in the trunk, one on the floor of the back seat, and one under the passenger side of the front seat. The one under the front seat was later identified by M.T. as the one Padgett had used to threaten her.

Padgett was tried twice. The jury was deadlocked in its deliberations after the first trial, and a mistrial was declared. After the second trial, Padgett was found guilty of rape.

At the second trial, Padgett's transient refusal to consent to a search of the front seat area of his vehicle was testified to by a state trooper in response to the question, "is there anything else that made you think he was hiding anything?" Defense counsel objected to this question on the basis that it was leading, but made no other objection or motion to strike. The refusal was also commented upon by the prosecutor during his final argument, also without objection:

> And the person hides the weapon. The screwdriver's under the front seat. You can't search the back of my car—or you—

excuse me—you can search the back of my car, *implying certainly that you can—can't search the front, or I don't want you to search the front,* although he ultimately changed his mind. Changed his shirt. Was driving down the road without a shirt on. Sure, that's a small fact. But you put it all together with all these others and are these all coincidences or do they all together show a pattern of consistent *lying, consistent manipulation, consistent refusal to—you know, to be responsive, to be honest.* [Emphasis added.]

■ Padgett contends the testimony concerning his momentary refusal to consent to a search of the front of the vehicle, taken together with the prosecutor's comment on it, was federal constitutional error. The state contends that the evidence and the comment on it were proper to show guilty knowledge of the defendant. Further, the state contends that any error was harmless and that grounds for appeal were waived by defense counsel's failure to object on constitutional grounds, to both the testimony during trial, and to the comment on it during argument.

Padgett had a right under the fourth amendment to the Federal Constitution, and article I, section 14 of the state constitution, to refuse to consent to a search of all or part of his car. That right would be effectively destroyed if, when exercised, it could be used as evidence of guilt. It was error to admit testimony of defendant's refusal, and error to comment on it during summation. This is not our first decision on this point. In *Bargas v. State,* 489 P.2d 130 (Alaska 1971), we held that it was error to introduce evidence of a refusal to consent to a search, and to comment on it during closing argument. That case is directly dispositive here.

■ Since the error involved violation of a federal constitutional guarantee, we may not consider it harmless unless we can say beyond a reasonable doubt that it did not

affect the jury's verdict.[1] We are unable to declare such a belief in this case. The hung jury, in the first trial, was an indication that the case for the prosecution was not overwhelming. It is noteworthy that during the first trial, no comment on defendant's refusal to consent to a full search was made.

■ The next question is whether defense counsel's failure to properly object to the introduction of the testimony, or to the prosecutor's comment, waives the point on appeal. In *Bargas*, we held identical errors to fall within the plain error doctrine reflected by Criminal Rule 47(b).[2] That decision is controlling on this point. Our decision might be otherwise if all that was involved was the introduction of testimony concerning the partial refusal to consent. A timely objection could have prevented the evidence from ever reaching the jury. However, an objection during final argument is not so effective. The prejudicial comment is before the jury before the objection can be made, and the curative effect of an admonition from the court to disregard the comment is of debatable value.[3]

1. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Bargas*, 489 P.2d at 133.

2. Criminal Rule 47(b) provides:
 *Plain Error.* Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

3. *See Patman v. State*, 95 Okl.Cr. 415, 247 P.2d 308, 311 (1952); *Cf. United States v. Chiantese*, 560 F.2d 1244 (5th Cir. 1977) (defective jury instruction could not be cured by subsequent curative instructions).

4. AS 12.45.045 provides:
 (a) In prosecutions for the crime of rape and assault with intent to commit rape, evidence of the complaining witness' previous sexual conduct shall not be admitted nor reference made to it in the presence of the jury except as provided in this section. When the defendant seeks to admit the evidence for any purpose, he may apply for an order of the court at any time before or during the trial or preliminary hearing. After the application is made, the court shall conduct a hearing in camera to determine the admissibility of the evidence. If the court finds that evidence offered by the defendant regarding

■ Padgett also contends that he was unduly restricted in his cross-examination of M.T.'s "sexual history and relationships." This issue is not well presented. The only actual request by counsel to which we have been cited is in regard to M.T.'s "marital status." AS 12.45.045 governs the admission of evidence concerning past sexual conduct in rape trials.[4] Under this statute, if the defense wishes to introduce evidence of past sexual experiences, application must be made for a closed hearing to determine the admissibility of the evidence. In the context of this case, what the defense should have done if it desired to cross-examine M.T. concerning past sexual conduct, was to request an opportunity to do so on the record, out of the presence of the jury, and in a closed hearing. The court then could determine whether the information so elicited should be admitted. However, no such request was made, and no error was committed.

■ One other point deserves brief mention. A proceeding was held as required by Criminal Rule 5(a)[5] before the District

the sexual conduct of the complaining witness is relevant, and that the probative value of the evidence offered is not outweighed by the probability that its admission will create undue prejudice, confusion of the issues, or unwarranted invasion of the privacy of the complaining witness, the court shall make an order stating what evidence may be introduced and the nature of the questions which shall be permitted. The defendant may then offer evidence under the order of the court.
 (b) In the absence of a persuasive showing to the contrary, evidence of the complaining witness' sexual conduct occurring more than one year before the date of the offense charged is presumed to be inadmissible under this section.
 (c) In this section "complaining witness" means the alleged victim of the crime charged, the prosecution of which is subject to this section.

5. Criminal Rule 5 provides in pertinent part:
 (a) *Appearance Before Judge or Magistrate.*
 (1) Except when the person arrested is issued a citation for a misdemeanor and immediately thereafter released, the arrested person shall be taken before the nearest available judge or magistrate without unnecessary delay. Unnecessary delay within the mean-

Judge in Glennallen the day after Padgett was arrested. He was there advised of the nature of the charges and his rights to remain silent and to counsel; an attorney was appointed for him; and the matter of bail was discussed. After the District Attorney stated his position on bail Padgett volunteered an arguably incriminating statement which was admitted at the trial. He contends that admission of the statement violated his right to counsel under the state and federal Constitutions[6] and his right to remain silent guaranteed by the fifth amendment to the Federal Constitution.

We believe these contentions are without merit. With regard to the sixth amendment claim, it is clear that the Rule 5 proceeding is not a "critical stage" requiring the assistance of counsel.[7] No plea may be taken at that stage, Rule 5(e), and no plea was entered, unlike the situations present in *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), and *White v. Maryland*, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), respectively. The probable cause determination made pursuant to Rule 5(e)(1) neither involves the examination of witnesses nor precludes the state from seeking a grand jury indictment should no probable cause be found. See Rule 5.1(g)(2). At the preliminary examination, which must follow within ten days if the defendant is in custody, Rule 5(e)(2)(iii)(aa), probable cause is determined de novo, and the defendant is assured the presence of counsel. Rule 5.1(a). The setting of bail is likewise not an adversary confrontation wherein "potential substantial prejudice" to "the defendant's basic right to a fair trial" inheres, but rather is limited to the issue of interim confinement. *United States v. Wade*, 388 U.S. 218, 227, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149, 1157 (1967). Moreover, bail may be reviewed by appointed counsel as soon as 48 hours after the initial determination. AS 12.30.020(f).

 With regard to the fifth amendment claim, the fact that a defendant at a Rule 5 proceeding is unrepresented by counsel should not preclude him from speaking on the matter of bail. If he makes an unsolicited incriminating statement in the course of his remarks, it will be admitted if it is voluntary.[8] Here that requirement was plainly met.

We have reviewed the other points raised on appeal and find them to be without merit.

REVERSED AND REMANDED.

---

ing of this section (a) is defined as a period not to exceed twenty-four hours after arrest, including Sundays and holidays. . . .

(c) *Statement by Judge or Magistrate—Right to Counsel—Bail.* The judge or magistrate

(1) shall inform the defendant of the complaint against him and of any affidavit filed therewith, and

(2) shall require that a copy of the complaint and of any affidavit filed therewith be delivered to the defendant if this has not already been done, and

(3) shall inform the defendant

(i) of his right to retain counsel, and

(ii) of his right to request the assignment of counsel if he is unable to obtain counsel, and

(iii) of his right to have a preliminary examination, and

(4) shall inform the defendant that he is not required to make a statement and that any statement made may be used against him.

The judge or magistrate shall allow the defendant reasonable time and opportunity to consult counsel and shall admit the defendant to bail as provided by law and by these rules.

6. Alaska Const. art. I, § 11; U.S.Const. amend. VI.

7. *See Gerstein v. Pugh*, 420 U.S. 103, 120–124, 95 S.Ct. 854, 866–868, 43 L.Ed.2d 54, 69–71 (1975).

8. *Soolook v. State*, 447 P.2d 55 (Alaska 1968).