PEOPLE v STEPHENS

Docket No. 66064. Submitted November 8, 1983, at Lansing.—Decided February 10, 1984.

Defendant, William T. Stephens, was convicted by a jury in the Midland Circuit Court of breaking and entering a building with intent to commit larceny. Defendant appeals alleging that the trial court, Tyrone Gillespie, J., erred in allowing the introduction of evidence of the defendant's exercise of his right to remain silent and refusal to consent to a search of the trunk of his automobile. *Held:*

1. The jury was informed of the defendant's exercise of his right to remain silent.

2. The silence of an accused in the face of police questioning may not be used against the accused at trial, subject to the exception that evidence of a refusal to speak during police questioning is admissible to contradict assertions that a statement was made.

3. The Fourth Amendment gives a defendant the constitutional right to refuse to consent to a search. The assertion of the right cannot be a crime, nor can it be evidence of a crime.

4. The admission of testimony regarding the defendant's refusal to consent to a search was a violation of the defendant's Fourth Amendment rights.

Reversed and remanded.

1. CRIMINAL LAW — SELF-INCRIMINATION — RIGHT TO REMAIN SILENT.

The silence of an accused in the face of police questioning may not be used against the accused at trial; however, evidence of the accused's refusal to speak during police questioning is admissible to contradict his assertions that a statement was made.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 611, 640.

[2, 3] 68 Am Jur 2d, Searches and Seizures §§ 4, 46.

Validity, under Federal Constitution, of consent to search—Supreme Court cases. 36 L Ed 2d 1143.

2. SEARCHES AND SEIZURES — CONSTITUTIONAL LAW — FOURTH
       AMENDMENT — REFUSAL TO CONSENT TO SEARCH.
   The Fourth Amendment provides the constitutional right to
   refuse to consent to a search; a defendant's assertion of such
   right cannot be a crime, nor can it be evidence of a crime (US
   Const, Am IV).

3. SEARCHES AND SEIZURES — CONSTITUTIONAL LAW — FOURTH
       AMENDMENT — REFUSAL TO CONSENT TO SEARCH.
   The admission of evidence in a criminal trial regarding the
   defendant's refusal to consent to a search is a violation of the
   defendant's Fourth Amendment rights (US Const, Am IV).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Gerald L. White,*
Prosecuting Attorney, for the people.

State Appellate Defender (by *Karla Kendall),* for
defendant on appeal.

Before: HOOD, P.J., and R. B. BURNS and R. M.
SHUSTER,* JJ.

PER CURIAM. Defendant was convicted by a jury
of breaking and entering a building with intent to
commit larceny, MCL 750.110; MSA 28.305. He
appeals and we reverse.

The prosecution presented evidence at trial that
a breaking and entering occurred at the Valley
Produce Store at approximately 2:16 a.m. on the
morning of December 23, 1981. Liquor, beer, food
and cigarettes were discovered missing from the
store.

Deputy Sheriff Michael Vasicek testified that
while on routine patrol on December 23, 1981, he
and his partner received a call at 2:18 a.m. regard-
ing the incident at the Valley Produce Store.
While proceeding toward the store, the officers
spotted a vehicle traveling in the opposite direc-

* Circuit judge, sitting on the Court of Appeals by assignment.

tion. The officers turned around to follow the car, which subsequently pulled over and stopped. When the officers pulled off the road behind the suspect vehicle, defendant exited from the driver's side of the vehicle and briskly approached the officers. Defendant began to relate that he had been kidnapped and robbed by two hitchhikers he had picked up. At that point defendant was handcuffed, placed under arrest and seated in the back of the patrol car. Deputy Vasicek read defendant his *Miranda*[1] rights and then asked him if he understood those rights and, if so, whether he wished to talk to the officers. Deputy Vasicek's testimony continued:

"*Q.* Okay. What did he answer to the first question, whether he understood or not?

"*A.* Yes.

"*Q.* And what did he indicate to the second question, whether or not he wished to talk?

"*A.* At first he stated yes and a short time later, he stated no, he wanted to see a lawyer."

Defense counsel objected to the evidence of defendant's exercise of his constitutional right to remain silent.

Defendant's motion for a mistrial was denied. The trial court offered to give a curative instruction upon the jury's return, but defense counsel declined. Defense counsel also declined the trial court's offer to strike the testimony. This was apparently done to avoid highlighting the testimony.

Lieutenant Detective Biggs testified that he spoke with defendant while defendant was seated

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

in the rear of Deputy Vasicek's patrol car. He stated:

"I asked him if I could search his automobile and he said yes. I asked him if he would sign a consent to search, including the trunk, and his answer was no."

Prior to closing argument, defense counsel requested that the judge forbid the prosecutor from referring to defendant's refusal to consent to the search of the trunk. The request was denied. In closing argument, the prosecutor did refer to the testimony that defendant had consented to the search of his car but refused to consent to a search of the trunk. The trial court later instructed the jury that defendant was not required to give consent and the fact that he refused to do so should not influence the verdict.

The issues on appeal are whether the introduction of evidence of defendant's exercise of his right to remain silent requires reversal and whether the introduction of evidence that defendant refused to consent to a search of the trunk of his automobile requires reversal.

Michigan courts have repeatedly held that the silence of an accused in the face of police questioning may not be used against the accused at trial, subject to the exception that evidence of a refusal to speak during police questioning is admissible to contradict assertions that a statement was made. To otherwise allow the prosecutor to use an accused's silence against him at trial would place an impermissible penalty on the exercise of the accused's right against self-incrimination. *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974). In spite of the prosecutor's arguments, the jury was informed of defendant's exercise of his right to remain silent. Deputy Vasicek stated:

"*A.* At first he stated yes and a short time later, he stated no, he wanted to see a lawyer."

As to the defendant's second claim of error, the Fourth Amendment gives defendant the constitutional right to refuse to consent to a search. His assertion of the right cannot be a crime, *Camara v Municipal Court of City & County of San Francisco,* 387 US 523, 532-533; 87 S Ct 1727; 18 L Ed 2d 930 (1967), nor can it be evidence of a crime, *Dist of Columbia v Little,* 339 US 1, 7; 70 S Ct 468; 94 L Ed 599 (1950). See also *Schneckloth v Bustamonte,* 412 US 218, 233-234; 93 S Ct 2041; 36 L Ed 2d 854 (1973).

While there are no Michigan cases on point, the Alaska Supreme Court, in *Bargas v State,* 489 P2d 130, 132 (Alas, 1971), held that admission of testimony regarding the defendant's refusal to consent to a search was a violation of the defendant's Fourth Amendment rights:

"What this case is all about is that appellant's assertion of his constitutional right not to have his privacy invaded without just cause was used against him to help establish guilt of the crime for which he was indicted. This is entirely impermissible. It would make meaningless the constitutional protection against unreasonable searches and seizures if the exercise of that right was allowed to become a badge of guilt."

We agree with the reasoning of the Alaska court.

Reversed and remanded for a new trial.