OPINION JUDGMENT ENTRY
{¶ 1} Appellant James Denney appeals his conviction, in the Fairfield County Municipal Court, for operating a motor vehicle while under the influence of alcohol. The following facts give rise to this appeal.
 {¶ 2} On January 11, 2003, Captain Pillar, from the Lancaster Police Department, stopped appellant, after he almost caused an accident, by running a flashing red light. Upon approaching appellant's vehicle, Captain Pillar noticed an odor of alcohol about appellant's person. Captain Pillar also observed that appellant's eyes were bloodshot and glassy. Appellant dropped his wallet twice while attempting to retrieve his driver's license.
 {¶ 3} Upon observing appellant's conduct, Captain Pillar asked appellant how much he had to drink. Appellant did not respond to the question. Thereafter, Captain Pillar asked appellant to exit his vehicle and appellant did so reluctantly. Captain Pillar and Officer Petty, who had been called for backup, escorted appellant to an area, under an awning, for the purpose of conducting field sobriety tests.
 {¶ 4} Officer Petty attempted to administer the Horizontal Gaze Nystagmus Test to appellant, however, appellant failed to cooperate and follow Officer Petty's instructions. Appellant also refused to perform the one-leg stand test or any other field sobriety tests. Appellant was subsequently cited for driving under the influence of alcohol and a flashing traffic signal violation.
 {¶ 5} On February 3, 2003, appellant filed a motion to suppress The trial court conducted a hearing on appellant's motion on May 8, 2003. On May 12, 2003, the trial court, in a judgment entry, made the following findings:
 {¶ 6} "1. The Defendant's Motion to Suppress tests of Defendant's coordination, sobriety and/or alcohol level isGRANTED due to the non-existence of any such tests.
 {¶ 7} "2. The Defendant's Motion to Suppress statements made by the Defendant is NOT WELL TAKEN and is DENIED.
 {¶ 8} "3. The Defendant's Motion to Suppress the observations and opinions of the police officers who stopped and arrested the Defendant regarding his sobriety, is NOT WELL TAKEN and DENIED.
There is no evidence regarding alcohol level. The officer's testimony regarding Defendant's demeanor, actions and non-performance of the field sobriety test at the scene is admissible." (Emphasis sic.) Judgment Entry, May 12, 2003, at 1-2.
 {¶ 9} This matter proceeded to trial on August 12, 2003. At trial, Captain Pillar testified that he asked appellant how much he had to drink and appellant did not respond. Tr. at 156. Captain Pillar and Officer Petty both testified that appellant refused to perform any field sobriety tests. Tr. at 159, 209.
 {¶ 10} Following deliberations, the jury found appellant guilty of driving under the influence of alcohol and the flashing traffic signal violation. The trial court sentenced appellant accordingly. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 11} "I. Defendant was denied a fair trial when defendant's refusal to consent to field sobriety tests was improperly introduced and argued before the jury.
 {¶ 12} "II. Defendant was denied a fair trial when evidence of his silence in the face of police questioning was improperly introduced into evidence before the jury.
 {¶ 13} "III. Defendant was denied his right to a fair trial, and his right to adequate representation as guaranteed by theSixth Amendment to the United States Constitution, and the comparable provisions of the Ohio Constitution, based upon the ineffectiveness of trial counsel."
 "Standard of Review" {¶ 14} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger
(1993), 86 Ohio App.3d 592.
 {¶ 15} Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams
(1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93;State v. Claytor (1993), 85 Ohio App.3d 623; and Guysinger,
supra. The analysis set forth above applies to appellant's First Assignment of Error.
 I {¶ 16} In appellant's First Assignment of Error, he challenges the trial court's decision to deny his motion to suppress as it pertains to the non-performance of the field sobriety tests. Appellant claims the trial court did not apply the correct law when it found the non-performance of the field sobriety tests admissible at trial. We disagree with this argument and conclude the trial court did not commit an error of law when it denied appellant's motion to suppress.
 {¶ 17} In support of this assignment of error, appellant contends a field sobriety test is a "search" within the meaning of the Fourth Amendment and a refusal to consent to a search cannot be used against him. Thus, appellant concludes his refusal to participate in the field sobriety tests should not have been admitted at trial. Further, appellant maintains the state used this evidence to suggest a consciousness of guilt and to penalize him for exercising his constitutional rights.
 {¶ 18} Appellant cites three cases that he claims establishes that a defendant's refusal to consent to a search cannot be used against him. These cases are: Camara v. Mun. Court of the Cityand Cty. of San Francisco (1967), 387 U.S. 523; Bargas v.State (Alaska, 1971), 489 P.2d 130; and People v. Stephens
(1984), 349 N.W.2d 162, 133 Mich. App. 294. In Camara, the United States Supreme Court determined the defendant had a constitutional right to insist that the inspectors obtain a warrant to search and therefore, the defendant could not constitutionally be convicted for refusing to consent to the inspection. Camara at 540.
 {¶ 19} Similarly, in the Bargas decision, the Supreme Court of Alaska held that defendant's "* * * flight was inextricably related to his refusal to submit to an illegal search. Appellant's refusal to submit to that search, which clearly would have been illegal if done without his permission or a warrant, and his running away, signified guilt no more clearly than it did a natural desire to repel an unauthorized intrusion of his right to privacy." Bargas at 133. Thus, according to Camara andBargas, the introduction of a refusal to consent to an illegal search violates the protections afforded by the Fourth andFifth Amendments.
 {¶ 20} Since appellant does not challenge the stop or the officers' attempt to administer the field sobriety tests on the basis that they were illegal, we conclude the Camara andBargas decisions are not pertinent to the facts of this case.Camara and Bargas dealt with the introduction of a refusal to consent to an illegal search. However, the Stephens case does not involve an illegal search. The Court of Appeals of Michigan held, in Stephens, that a defendant's assertion of his constitutional right to refuse to consent to a search could not be a crime nor evidence of a crime. Stephens at 298. Thus, the court concluded that the introduction of evidence regarding the defendant's refusal to consent to a search of the trunk of his car was reversible error and remanded the matter for a new trial. Id.
 {¶ 21} This court has addressed the issue in the context of Evid.R. 401. In State v. Carrico, Licking App. No. 01CA86, at 2, 2002-Ohio-1451, we concluded a refusal to perform field sobriety tests is relevant evidence under Evid.R. 401 and therefore, admissible at trial. In State v. Arnold (Sept. 7, 1999), Butler App. No. CA99-02-026, the Twelfth District Court of Appeals addressed the issue of whether the admission of the defendant's refusal to perform field sobriety tests violated the defendant's constitutional privilege against self-incrimination, his right to counsel and his right to due process. The court concluded there is no "* * * substantial difference between a defendant's refusal to submit to a breath-alcohol test and refusal to perform field sobriety tests." Id. at 3.
 {¶ 22} In reaching this conclusion, the court stated:
 {¶ 23} "Performance of a field sobriety test, like a breath or blood test, is not testimonial in nature, and therefore is not subject to the Miranda decision. Moreover, the request to submit to a field sobriety test is a preparatory step in a police investigation and therefore is not a `critical stage' that would entitle appellant to a constitutional right to counsel. Finally, appellant has failed to convince us that there was any violation of his due process rights." Id.
 {¶ 24} The Ohio Supreme Court has determined that evidence regarding a refusal to submit to a breath or blood test is admissible. See Maumee v. Anistik, 69 Ohio St.3d 339,1994-Ohio-157. Likewise, as it pertains to appellant'sFourth Amendment rights, we find no reason to make a distinction between the admission of evidence regarding a refusal to submit to field sobriety tests and breath or blood alcohol tests. Like a breath or blood test, field sobriety tests are not testimonial in nature and are merely a preparatory step in a police investigation. Accordingly, the trial court did not commit an error of law when it denied appellant's motion to suppress as it pertains to appellant's refusal to submit to the field sobriety tests.
 {¶ 25} Appellant's First Assignment of Error is overruled.
 II {¶ 26} Appellant maintains, in his Second Assignment of Error, that he was denied a fair trial when evidence of his silence, in the face of police questioning, was improperly introduced at trial. We disagree.
 {¶ 27} In support of this assignment of error, appellant cites the following question the state asked Captain Pillar on direct examination:
 {¶ 28} "Q. Okay. And once Patrolman Petty arrived at the scene, what were the next steps you took?
 {¶ 29} "A. Uh, we went back up and made contact with Mr. Denney. I asked him how much he'd had to drink tonight and he, he didn't answer. He just stayed in the car. And I said, well, I would like you to step out of the car. I would like you to do some field sobriety tests, make sure you are okay to drive. * * *" Tr. at 156-157.
 {¶ 30} Appellant contends Captain Pillar's comment, about his pre-Miranda silence, was used as an exculpatory piece of evidence punishing him for the exercise of his constitutional right to silence.
 {¶ 31} The record indicates defense counsel did not object to Captain Pillar's comment. Therefore, we review this assignment of error, under a plain error analysis, pursuant to Crim.R. 52(B). This rule provides, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See Statev. Long (1978), 53 Ohio St.2d 91; State v. Cooperrider (1983),4 Ohio St.3d 226. An alleged error does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Stojetz, 84 Ohio St.3d 452,455, 1999-Ohio-464. Thus, in order to reverse the conviction for improperly admitting appellant's pre-Miranda silence, we must find appellant would not have been convicted but for the admission of this evidence.
 {¶ 32} We conclude Captain Pillar's statement concerning appellant's refusal to answer his question does not rise to the level of plain error. The record indicates the state did not comment on appellant's pre-Miranda silence during opening or closing arguments. Further, the comment by Captain Pillar was made in the course of questioning regarding the process in which he investigated the traffic stop. The comment was brief and did not focus on appellant's refusal to answer Captain Pillar's question concerning how much he had to drink. Therefore, we conclude the outcome of the trial clearly would not have been otherwise had Captain Pillar not commented on appellant's pre-Miranda silence.
 {¶ 33} Appellant's Second Assignment of Error is overruled.
 III {¶ 34} In his Third Assignment of Error, appellant contends he was denied his right to a fair trial and effective assistance of counsel. We disagree.
 {¶ 35} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 36} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any give case, a strong presumption exists counsel's conduct fell within the wide range of reasonable professional assistance. Id.
 {¶ 37} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter,72 Ohio St.3d 545, 558, 1995-Ohio-104, citing Lockhart v.Fretwell (1993), 506 U.S. 364, 370.
 {¶ 38} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quoting Strickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 39} In support of this assignment of error, appellant maintains defense counsel was ineffective because he allowed the state to introduce evidence concerning appellant's refusal to perform field sobriety tests and refusal to answer Captain Pillar's question about how much he had to drink. We addressed both of these arguments above and concluded no error occurred. Therefore, appellant was not prejudiced by defense counsel's conduct. Having found no prejudice to appellant, we will not address the first prong concerning whether counsel's performance fell below an objective standard of reasonable representation.
 {¶ 40} Appellant's Third Assignment of Error is overruled.
 {¶ 41} For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
Judgment affirmed.
Hoffman, P.J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Lancaster Municipal Court, Fairfield County, Ohio, is affirmed.
Costs assessed to Appellant.