OPINION
 

 By the Court,
 

 Becker, J.:
 

 Appellant Johnny Hughes Walker, Jr., was sentenced to a minimum term of four years in the Nevada State Prison after a jury convicted him of one count of battery with the use of a deadly weapon. Walker alleges numerous errors on appeal, including the failure to admit an out-of-court statement made by his co-defendant. Having considered Walker’s claims of error, we affirm Walker’s conviction for battery with the use of a deadly weapon. However, we take this opportunity to clarify the statutory test for admission at trial of statements against penal interest.
 
 [1]
 

 FACTS
 

 In September of 1997, police responded to a 911 call at the residence of seventeen-year-old David Dimas in Las Vegas. He had been shot in the neck. David recovered from the gunshot wound and eventually gave a statement to police implicating Walker and his cousin, Christian Walker, in the shooting. Both Walker and Christian were arrested and charged with attempted murder with
 
 *673
 
 the use of a deadly weapon and battery with the use of a deadly weapon. Their trials were severed, and Walker’s first jury trial ended in a mistrial.
 

 According to the evidence presented by the State at Walker’s second trial, a dispute over a missing necklace belonging to Christian had arisen between Christian and David on the day of the shooting, and Christian had accused David of stealing the necklace. After confronting David at his house earlier that day, Christian returned to David’s house late that evening, this time with Walker, and the two lured David and his friend, Brandon Douzat, to a nearby schoolyard. Although the State presented alternate theories of liability against Walker, including aiding and abetting and conspiracy, David testified that Walker shot him as they shook hands before leaving the schoolyard.
 

 The jury acquitted Walker of attempted murder with the use of a deadly weapon but found him guilty of battery with the use of a deadly weapon.
 

 DISCUSSION
 

 I.
 
 Jury instructions on conspiracy
 

 Walker contends that the district court erred in allowing the State to proceed on a theory of conspiracy because conspiracy was not pleaded in the information and there was no evidence of conspiracy presented at trial. We disagree.
 

 Initially, the record reveals that, although he did move to dismiss the conspiracy counts at trial, Walker did not object to the jury instructions on the record. Accordingly, we conclude that Walker has waived any right to assign error to the jury instructions on appeal.
 
 See
 
 Etcheverry v. State, 107 Nev. 782, 784-85, 821 P.2d 350, 351 (1991) (failure to object to jury instruction at trial bars appellate review).
 

 Even if Walker had not waived this issue, the result would be the same. The State may proceed on alternate theories of liability as long as there is evidence in support of those theories.
 
 See
 
 Holmes v. State, 114 Nev. 1357, 1363, 972 P.2d 337, 341-42 (1998). Although the State must allege specific facts concerning its theories of liability so as to afford a criminal defendant adequate notice to prepare his defense, it is not necessary to plead a conspiracy in the charging document if the evidence actually shows its existence.
 
 See
 
 Goldsmith v. Sheriff, 85 Nev. 295, 304-05, 454 P.2d 86, 92 (1969).
 

 We conclude that the information in this case was sufficiently detailed to put Walker on notice that the State was pursuing alter
 
 *674
 
 nate theories of criminal liability. In particular, the State alleged three theories of principal liability in Walker’s information: (1) Walker directly committed the offense; (2) Walker aided and abetted in the offense by acting in concert in its commission; and (3) Walker conspired to commit the offense and is vicariously liable for acts committed in furtherance of the conspiracy.
 

 II.
 
 Admission of hearsay statement of co-defendant
 

 Walker contends that his co-defendant Christian’s statement, ‘ T ain’t going out like no punk,’ ’ was not admissible pursuant to the state of mind exception to the hearsay rule because it was too ambiguous to bear on Walker’s state of mind. Christian allegedly made the statement to the victim, David, during an earlier confrontation between Christian and David over the missing necklace. We disagree.
 

 Pursuant to NRS 51.105, a statement of the declarant’s then existing state of mind, emotion, sensation or physical condition, such as intent, is not inadmissible under the hearsay rule.
 
 See
 
 NRS 51.105(1). The Hillmon
 
 [2]
 
 doctrine, a well-settled rule of evidence, provides that:
 

 [W]hen the performance of a particular act by an individual is an issue in a case, his intention (state of mind) to perform that act may be shown. From that intention, the trier of fact may draw the inference that the person carried out his intention and performed the act. Within this conceptual framework, hearsay evidence of statements by the person which tend to show his intention is deemed admissible under the state of mind exception.
 

 Lisle v. State, 113 Nev. 679, 691, 941 P.2d 459, 467 (1997) (citations omitted).
 

 We conclude that Christian’s statement was properly admitted to show Christian’s, not Walker’s, state of mind. The record reveals that on the day of the shooting, Christian told David that he “ain’t going out like no punk.” David understood this statement to mean that Christian was going to retaliate because his necklace was missing. In light of the State’s theories of conspiracy and/or aiding and abetting, Christian’s statement of intent was highly relevant to show that he and Walker carried out his intent to retaliate by luring David and Brandon to the schoolyard and then shooting David. Accordingly, we conclude that the district
 
 *675
 
 court did not abuse its discretion by admitting Christian’s statement at trial.
 
 See
 
 Petrocelli v. State, 101 Nev. 46, 52, 692 P.2d 503, 508 (1985) (decision to admit evidence is within the sound discretion of the district court, and this court will not disturb that decision unless it is manifestly wrong).
 

 III.
 
 Exclusion of hearsay statement of co-defendant
 

 Walker contends that the district court erred by refusing to admit at trial another statement allegedly made by Christian after the shooting as a statement against penal interest. We agree.
 

 Pursuant to NRS 51.345, a statement against penal interest is admissible if: (1) at the time of its making, the statement tends to subject the declarant to civil or criminal liability; (2) a reasonable person in that position would not have made the statement unless he believed it to be true; and (3) the declarant is unavailable as a witness at the time of trial.
 
 See
 
 NRS 51.345(1). If the statement is offered to exculpate an accused, however, an additional requirement exists: corroborating circumstances must clearly indicate the trustworthiness of the statement.
 
 Id.
 

 At trial, Walker proffered the testimony of Josh Martinez who, if allowed to testify, would have stated that Christian told him, “I shot a guy over my necklace. He tried to jack me.” The State objected to the admission of the testimony, arguing that there were no corroborating circumstances indicating the trustworthiness of the statement. The district court found the statement unreliable and refused to admit the testimony.
 

 During the defense offer of proof, Martinez stated that he and Christian were good friends and that Christian told him that he shot someone over his necklace. Martinez further stated that sometime later, while the two were driving to pick up a friend, Christian recanted the statement, saying “I was just messing [with you].” Martinez indicated that the two were smoking marijuana and drinking alcohol when Christian made the statement and that he understood from his conversation with Christian that the shooting occurred during the course of a robbery. Martinez also indicated that Christian gave him a gun for safekeeping on the evening that he made the statement and that Christian and Walker retrieved the gun from him several days later.
 

 The record reveals that Martinez’s proffered testimony clearly complied with the first three requirements of NRS 51.345. Christian, the declarant, was a co-defendant set to be tried separately after Walker’s trial and thus was unavailable within the meaning of the statute. By bragging that he shot David for stealing his necklace, Christian exposed himself to criminal liability for attempted murder or battery.
 

 
 *676
 
 It was the fourth requirement of trustworthiness that concerned the district court and upon which it based the decision to exclude Christian’s statement. During the defense offer of proof below, the State urged the district court to exclude the statement because there was no independent corroborating evidence demonstrating the trustworthiness of the statement. In refusing to admit the statement, the district court indicated that it found the statement unreliable.
 

 The fact that much of the State’s argument focused on a lack of independent corroborating evidence indicates to us that the use in the statute of the language “corroborating circumstances” gives the erroneous impression that some sort of specific independent evidence is necessary to establish trustworthiness. Accordingly, we take this opportunity to clarify our decisions in Sparks v. State, 104 Nev. 316, 759 P.2d 180 (1988) and Woods v. State, 101 Nev. 128, 696 P.2d 464 (1985) by reiterating that the statutory test for determining the admissibility of statements against penal interest under NRS 51.345 is whether the totality of the circumstances indicates the trustworthiness of the statement or corroborates the notion that the statement was not fabricated to exculpate the defendant. Corroboration by a particular type of independent evidence is not required to establish the trustworthiness of the statement.
 

 We conclude that the district court erred by refusing to admit Martinez’s proffered statement. The record reveals that Christian made the statement to Martinez during a private conversation at home and that Christian was not implicated in the shooting at that time. The record further reveals that the two were good friends, and it is well-settled that a statement against interest made to a close friend or relative is considered to be more reliable than a statement made to a stranger.
 
 See Woods,
 
 101 Nev. at 134-35, 696 P.2d at 469 (1985). Christian’s recantation a short time later could indicate that he realized the grave consequences of making such a statement and wanted to protect himself from criminal liability. There is no indication that Martinez was in any way involved in the shooting and no advantage accrued to him for proffering the testimony. These corroborating circumstances support a finding of trustworthiness under NRS 51.345 for purposes of admissibility of evidence. The fact that Christian was drinking and smoking marijuana when he uttered the confession should be considered by the jury in determining what weight and credence to give Martinez’s testimony.
 
 See
 
 Hutchins v. State, 110 Nev. 103, 107, 867 P.2d 1136, 1139 (1994) (weight and credibility issues are solely for the jury).
 

 
 *677
 
 However, hearsay errors are subject to harmless error analysis.
 
 See
 
 Franco v. State, 109 Nev. 1229, 1237, 866 P.2d 247, 252 (1993). The State was proceeding on alternate theories of liability. Thus, even if the jury rejected the notion that Walker was the shooter in this case; the jury could still find him guilty as an aider and abettor or a co-conspirator. The record reveals sufficient evidence to support Walker’s conviction based upon these alternate theories of liability. Accordingly, we conclude that the failure to admit Christian’s out-of-court statement was harmless error.
 

 CONCLUSION
 

 We affirm Walker’s judgment of conviction of battery with the use of a deadly weapon.
 

 Maupin and Shearing, JJ., concur.
 

 [1]
 

 Walker also alleges prosecutorial misconduct, erroneous admission of photographs at trial, insufficient evidence to support his conviction, and cumulative error. After carefully reviewing the record on appeal and the briefs filed herein, we conclude that these remaining contentions are without merit.
 

 [2]
 

 Mutual Life Ins. Co. v. Hillmon, 145 U.S. 285 (1892).