DANIEL ANTHONY RAMET, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 50204

June 4, 2009                                209 P.3d 268

*Philip J. Kohn*, Public Defender, and *Robert L. Miller*, Deputy Public Defender, Clark County, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *Nancy A. Becker*, Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, DOUGLAS, J.:

Appellant Daniel Anthony Ramet was convicted of first-degree murder. On appeal, Ramet raises several points of error allegedly committed during his trial, only one of which merits detailed consideration.[1] Ramet contends that the testimony concerning his refusal to consent to a search of his home, taken together with the prose-

---

[1]Ramet also argues that: (1) the State did not present sufficient evidence to establish the corpus delicti for first-degree murder absent his statements prior to and at trial; (2) the district court erred in denying his motion to suppress his

cutor's comment on it, was violative of his Fourth Amendment rights.

We conclude that the district court erred in allowing testimony and argument regarding Ramet's invocation of his Fourth Amendment right. However, the error in admitting the statements was harmless. We therefore affirm Ramet's conviction.

## FACTS AND PROCEDURAL HISTORY

Ramet killed his 20-year-old daughter, Amy Ramet, in the home they shared. Ramet strangled Amy for a minute or two and then stopped; she moved, and he checked for a pulse, and then he strangled her for "another couple of minutes." He continued to live in his home with Amy's body for three weeks, sending text messages from her cell phone to allay the fears of his younger daughter, Delsie, and his ex-wife, Bernadette.

After not being able to speak with Amy for three weeks, Bernadette and Delsie became so worried that they filed a missing person's report. Three days later, unsatisfied with the police's efforts, they decided to break into Ramet's home. Bernadette broke a window with a baseball bat and a foul smell came out, prompting them to call the police. Shortly thereafter, the police arrived at Ramet's home and the officers asked to perform a welfare check on Amy. Ramet refused, claiming it was a "search and seizure issue." The police obtained a search warrant and discovered Amy's badly decomposed body in Ramet's home. Ramet was arrested and he confessed to killing his daughter.

Prior to trial, the defense sought to preclude any reference to Ramet's statements about search and seizure, arguing that the fact that Ramet had exercised a constitutional right was irrelevant and more prejudicial than probative. The district court denied the motion, finding Ramet's statement relevant and more probative than prejudicial.

At trial, the State presented testimony from two officers regarding Ramet's refusal to consent to a search of his home. On the stand, Officer Yant testified that Ramet's statements that he did not want the police in his house because "it would be a search and seizure issue" made the police even more suspicious. Officer Yant repeated

statement to the police because the waiver of his *Miranda* rights and his statement were not voluntary; (3) the district court erred in denying his motion to suppress the recordings of telephone calls he made while in jail; (4) the district court erred in failing to declare a mistrial, sua sponte, based on the jury's exposure to unduly prejudicial prior bad act evidence; and (5) the prosecutor committed misconduct during closing argument by making arguments that were not supported by evidence. We have considered these issues and conclude that these additional challenges are without merit.

Ramet's statement that "it would be a search and seizure issue" two more times. Officer Bertges also repeated Ramet's statement during his testimony.

In addition, evidence of Ramet's refusal to submit to a search was used by the State to incriminate Ramet. During closing argument, the prosecuting attorney commented on Ramet's refusal: "[a]nd when the police come to the house on two different occasions, he won't even let them conduct a welfare check. He's hiding something."

## DISCUSSION

Ramet contends that the introduction of evidence that he refused to submit to a search of his home and reference to this incident in the State's closing argument violated his rights under the Fourth Amendment. We agree that the Fourth Amendment gives Ramet the constitutional right to refuse to consent to a search and his assertion of that right cannot be evidence of his guilt.

We review a district court's decision to admit or exclude evidence for an abuse of discretion. *Thomas v. State*, 122 Nev. 1361, 1370, 148 P.3d 727, 734 (2006).

The Fourth Amendment prohibits unreasonable searches and seizures, thereby granting individuals the right to refuse entry and search without a warrant. U.S. Const. amend. IV; *see Schneckloth v. Bustamonte*, 412 U.S. 218, 234, 248 (1973); *United States v. Prescott*, 581 F.2d 1343, 1351 (9th Cir. 1978). The Supreme Court has held that the Fifth Amendment right against self-incrimination also prohibits the State from commenting on the invocation of that right as evidence of the defendant's guilt. *Griffin v. California*, 380 U.S. 609, 615 (1965). The Court has concluded that asserting one's constitutional right cannot be a crime, nor can it be evidence of a crime. *Camara v. Municipal Court*, 387 U.S. 523, 532-33 (1967); *District of Columbia v. Little*, 339 U.S. 1, 7 (1950).

While there are no Nevada cases on point, the Ninth Circuit Court of Appeals, in *United States v. Prescott*, held that "refusal to consent to a warrantless search is privileged conduct which cannot be considered as evidence of criminal wrongdoing." 581 F.2d at 1351; *see also United States v. Taxe*, 540 F.2d 961, 969 (9th Cir. 1976). That court reasoned that "[t]he right to refuse [entry] protects both the innocent and the guilty, and to use its exercise against the defendant would be, as the Court said in *Griffin*, a penalty imposed by courts for exercising a constitutional right." *Prescott*, 581

F.2d at 1352. We agree with the reasoning of the Ninth Circuit. Allowing the prosecution to use evidence of a defendant's invocation of a constitutional right against him would "make meaningless the constitutional protection against unreasonable searches and seizures." *Bargas v. State*, 489 P.2d 130, 132 (Alaska 1971).

Other jurisdictions have also held that the prosecution may not use a defendant's refusal to consent to a search as evidence of guilt. *See U.S. v. Moreno*, 233 F.3d 937, 941 (7th Cir. 2000) (the Fourth Amendment entitled defendant to withhold consent to the search, and so introducing the invocation of that right as evidence of guilt may have been inconsistent with due process); *U.S. v. Thame*, 846 F.2d 200, 206-07 (3d Cir. 1988) (error for the prosecutor to argue that the defendant's refusal to consent to search of his bag constituted evidence of his guilt); *Padgett v. State*, 590 P.2d 432, 434 (Alaska 1979) (right to refuse to consent to warrantless search of car would be "effectively destroyed if, when exercised, it could be used as evidence of guilt"); *State v. Palenkas*, 933 P.2d 1269, 1280, 1282 (Ariz. Ct. App. 1996) (prosecutor's use of defendant's contacting his attorney and his invocation of his right to refuse a warrantless search as evidence of his guilt denied due process and required a new trial); *People v. Wood*, 127 Cal. Rptr. 2d 132, 136 (Ct. App. 2002) (defendant's invocation of his rights under the Fourth Amendment was improperly used to demonstrate his consciousness of guilt; however, this error was harmless); *People v. Keener*, 195 Cal. Rptr. 733, 735-36 (Ct. App. 1983) (the trial court improperly admitted evidence of defendant's refusal to allow police to enter his apartment to show a consciousness of guilt); *Gomez v. State*, 572 So. 2d 952, 953 (Fla. Dist. Ct. App. 1990) (police officer's comment on defendant's refusal to consent to a search without probable cause was constitutional error); *People v. Stephens*, 349 N.W.2d 162, 163-64 (Mich. Ct. App. 1984) (the Fourth Amendment gives the defendant the constitutional right to refuse to consent to a search and the assertion of that right cannot be evidence of a crime).

We agree with the cases cited above; therefore, we hold that the State may not introduce evidence of a defendant's refusal to submit to a warrantless search, or argue it to the jury as evidence of guilt. The defendant's invocation of his Fourth Amendment right cannot be used as evidence of a crime or consciousness of guilt, and the district court abused its discretion by admitting this evidence.

Because the error involved a violation of a federal constitutional guarantee, we may not consider it harmless unless we can say "beyond a reasonable doubt that the error complained of did not con-

tribute to the verdict obtained." *Chapman v. California*, 386 U.S. 18, 24 (1967). In this case, there was overwhelming evidence of Ramet's guilt. Ramet confessed during trial that he strangled his daughter, stopped and checked her pulse, and then continued to strangle her. Under these circumstances, we can conclude beyond a reasonable doubt that the constitutional violation did not affect the jury's verdict.

## CONCLUSION

In this appeal, we conclude that the State may not introduce evidence of or reference a defendant's invocation of his Fourth Amendment right to refuse to consent to a search of his home without a warrant. However, we conclude that the error in this case was harmless beyond a reasonable doubt. Accordingly, we affirm the judgment of conviction.

PARRAGUIRRE and PICKERING, JJ., concur.