An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LINDA MARIE FIELDS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65276

**FILED**

APR 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of voluntary manslaughter. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

First, appellant Linda Marie Fields contends that the district court erred by not dismissing the charges against her for lack of subject matter jurisdiction because the evidence was insufficient to establish that any act of the killing was committed within Nevada.

The relevant statute provides:

> Whenever a person, with intent to commit a crime, does any act within this State in execution or part execution of such intent, which culminates in the commission of a crime, either within or without this State, such a person is punishable for such crime in this State in the same manner as if the same had been committed entirely within this State.

NRS 171.020. "[W]hether NRS 171.020 allows Nevada jurisdiction over crimes occurring in another state is a question of jurisdiction, not an element of the crime charged. As such, it is a question of law to be decided by the court, not to be submitted to a jury." *Shannon v. State*, 105 Nev. 782, 791, 783 P.2d 942, 948 (1989). "Questions of law are subject to de

novo review." *Paige v. State*, 116 Nev. 206, 208, 995 P.2d 1020, 1021 (2000).

Here, it was established that the victim, who lived on a ranch with Fields in Elko County and did not have access to a vehicle or a private phone, was last seen in Elko County and was most likely dead within 24 hours thereafter. There was testimony that Fields disclosed to her sister-in-law that she hit a man in the head with a pipe after she caught him performing a sexual act on her grandson in the shed and that the body was taken to Salt Lake City and dumped. We conclude that sufficient evidence was presented to establish jurisdiction within Nevada. *See Shannon*, 105 Nev. at 792, 783 P.2d at 948 ("[NRS 171.020] does not require that there be partial execution of the actual crime; it only requires some carrying out of the criminal intent.").

Second, Fields contends that the district court erred by excluding evidence of her polygraph exam. Fields asks us to reconsider the law regarding the admissibility of polygraph exam results and to establish safeguards and conditions for the admissibility of such evidence. We conclude that reconsideration is unnecessary as we have established proper conditions and safeguards for the admittance of polygraph exams. *See Jackson v. State*, 116 Nev. 334, 335-36, 997 P.2d 121, 121-22 (2000); *Corbett v. State*, 94 Nev. 643, 644-45, 584 P.2d 704, 705 (1978). Here, there was no stipulation providing for Field's submission to the test or for subsequent admission at trial. Moreover, all data from the exam, save for the examiner's final, written report, had been destroyed and therefore was not subject to independent examination. Therefore, the district court properly excluded the polygraph evidence. *See Corbett*, 94 Nev. at 644-47, 584 P.2d at 705-06.

Third, Fields claims that the district court erred by admitting phone calls she had with her husband while she was in jail. Fields argues that law enforcement was not authorized to intercept a jail inmate's telephone conversations, that law enforcement failed to comply with the notice requirement of NRS 209.419(1)(b), that the use of the recordings should be prohibited in any criminal proceeding other than offenses directly involving jail security, and that the conversations were privileged.

Initially, we note that the only objection made regarding this evidence during Fields's retrial was a brief, oral renewal of the objection made during the first trial. No transcripts from the first trial were provided in the record currently before this court. In reviewing the record provided, we conclude that Fields did not argue below that law enforcement was not authorized to intercept a jail inmate's telephone conversations, that law enforcement failed to comply with the notice requirement of NRS 209.419(1)(b), or that the use of the recordings should be prohibited in any criminal proceeding other than offenses directly involving jail security. Therefore, we need not consider these arguments in the first instance on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

As to Fields's remaining contention, that the conversations were privileged, a district court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *Ramet v. State*, 125 Nev. 195, 198, 209 P.3d 268, 269 (2009). In its order admitting the jailhouse phone calls, the district court determined that all calls out of the jail were recorded and monitored for the purpose of jail security, a purpose within the ordinary course of law enforcement's duties, and that the system verbally informed

the parties that the conversation was being monitored and recorded. As both parties were made aware that the call was being recorded, the expectation of confidentiality required to sustain a claim of marital privilege under NRS 49.295 was defeated. *See Fields v. State*, 125 Nev. 785, 796-97, 220 P.3d 709, 717 (2009). Additionally, we note that while the unauthorized interception of wire or oral communications is prohibited, *see* NRS 200.620; NRS 179.410 to 179.515, inclusive, "wire or oral communications aurally acquired through use of regularly installed telephone equipment by an investigative or law enforcement officer in the ordinary course of his duties *does not constitute an 'interception.'" State v. Reyes*, 107 Nev. 191, 197, 808 P.2d 544, 547 (1991) (emphasis added). Therefore, we conclude that the district court did not abuse its discretion by admitting the jailhouse phone calls.

Having considered Fields's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Nancy L. Porter, District Judge
        Brian D. Green
        Attorney General/Carson City
        Elko County District Attorney
        Elko County Clerk