# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
REGIS QUINTEROS,
Respondent.

No. 68691

FILED

JUL 2 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting respondent's motion to suppress evidence. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

On October 18, 2011, Officer Sean Nolen was notified that Corporal Robert Roy had pulled over a vehicle. The vehicle was allegedly being driven by respondent Regis Quinteros. Officer Nolen arrived at the scene, conducted a DUI investigation, and subsequently took Quinteros for a blood draw pursuant to NRS 484C.160(7) (2005), Nevada's implied consent statute at the time. The State later filed a criminal complaint charging Quinteros with DUI with one or more prior felony DUI convictions.

Prior to trial, the U.S. Supreme Court ruled in *Missouri v. McNeely*, ___ U.S. ___, 133 S. Ct. 1552 (2013), that a warrantless DUI blood draw violated the Fourth Amendment of the U.S. Constitution. Quinteros filed a motion to suppress the blood draw pursuant to *McNeely*. Corporal Roy was not available to testify at the subsequent hearing. Officer Nolen was available and testified that, after he arrived at the scene, Corporal Roy stated that it was his belief that Quinteros was driving while intoxicated. Additionally, Officer Nolen initially stated that Quinteros was in physical control of the vehicle when he arrived on the

scene and that he observed the keys in the ignition of the vehicle. Officer Nolen subsequently admitted that he did not know if the keys were in the vehicle and that he had no direct evidence that Quinteros was in physical control of the vehicle. The district court determined that Corporal Roy's statements were inadmissible hearsay and that Officer Nolen was not a credible witness. Accordingly, the district court concluded that the State failed to meet its burden of demonstrating that Officer Nolen relied in good faith on NRS 484C.160(7) in obtaining the warrantless blood draw and granted Quinteros' motion to suppress evidence obtained after the blood draw. The State timely filed the instant appeal.

*The district court did not abuse its discretion in concluding that Corporal Roy's statements were inadmissible*

The State argues that the district court erred in concluding that the Confrontation Clause is applicable to Corporal Roy's statements because his statements were nonhearsay and the Confrontation Clause does not apply to nonhearsay under *Crawford v. Washington*, 541 U.S. 36 (2004). We disagree and conclude that the district court did not abuse its discretion in excluding Corporal Roy's statements. *Ramet v. State*, 125 Nev. 195, 198, 209 P.3d 268, 269 (2009) ("We review a district court's decision to admit or exclude evidence for an abuse of discretion.").

The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend VI. The Confrontation Clause is applicable to the states through the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 407-08 (1965). This court has recognized that, under *Crawford*, "if a witness is unavailable to testify at trial and the out-of-court statements sought to be admitted are testimonial, the Sixth Amendment Confrontation Clause

requires . . . cross-examination." *Flores v. State*, 121 Nev. 706, 714, 120 P.3d 1170, 1175 (2005) (internal quotation marks omitted). However, "[t]he Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford*, 541 U.S. at 59 n.9 (citing *Tennessee v. Street*, 471 U.S. 409, 414 (1985)). Therefore, where a statement is both testimonial and offered to prove the truth of the matter asserted, the Confrontation Clause must be satisfied. *See Flores*, 121 Nev. at 713-20, 120 P.3d at 1175-79.

We conclude that the district court did not abuse its discretion in concluding that Corporal Roy's statements were testimonial under *Crawford* and *Flores*. Given the context of Officer Nolen's testimony, the district court reasonably concluded that Corporal Roy's statements were offered to demonstrate that Quinteros was driving or in physical control of the vehicle pursuant to NRS 484.160(7). Therefore, the district court did not abuse its discretion in concluding that Corporal Roy's statements were inadmissible pursuant to *Crawford*.

*The district court did not abuse its discretion in concluding that the State failed to meet its burden of demonstrating that Officer Nolen relied in good faith on the constitutionality of NRS 484C.160(7)*

The State argues that the district court erred in suppressing evidence of the blood draw based on Officer Nolen's lack of credibility. The State contends that the district court must have concluded that Officer Nolen did not have reasonable grounds or probable cause for arresting Quinteros, despite evidence to the contrary, based solely on Officer Nolen's misstatements at trial. We disagree.

The U.S. Constitution does not provide for the exclusion of evidence obtained in violation of the Fourth Amendment. *Arizona v. Evans*, 514 U.S. 1, 10 (1995). Instead, the exclusionary rule is a judicial

 

remedy designed to deter law enforcement from future Fourth Amendment violations. *United States v. Leon*, 468 U.S. 897, 919-20 (1984). Accordingly, "[e]xclusion is only appropriate where the remedial objectives of the exclusionary rule are served." *State v. Allen*, 119 Nev. 166, 172, 69 P.3d 232, 236 (2003). Thus, where an officer relies in good faith on a statute that is ruled unconstitutional subsequent to the arrest, the exclusionary rule does not act as a deterrent to unconstitutional police conduct, and thus the exclusionary remedy is not mandated. *See Byars v. State*, 130 Nev., Adv. Op. 85, 336 P.3d 939, 947 (2014) (concluding that a blood draw should not be excluded where an officer relied in good faith on the constitutional validity of NRS 484C.160).

Because NRS 484.160(7) was ruled unconstitutional in violation of the Fourth Amendment in *Byars*, the exclusionary rule would generally preclude the admission of a blood draw procured under NRS 41.670 unless the State can demonstrate that the officer who obtained the blood draw relied in good faith on the constitutionality of NRS 484.160(7). *See Byars*, 130 Nev., Adv. Op. 85, 336 P.3d at 947. Therefore, to overcome Quinteros' motion to suppress evidence of the blood draw, it was the State's burden to demonstrate that Officer Nolen relied in good faith on the constitutionality of NRS 484C.160(7). To make this showing, the State called on Officer Nolen to testify as to the reasonable grounds on which he believed that Quinteros was driving or in physical control of the vehicle.

It is not within this court's purview to weigh conflicting evidence or assess witness credibility. *See Lay v. State*, 110 Nev. 1189, 1192, 886 P.2d 448, 450 (1994) ("[I]t is exclusively within the province of the trier of fact to weigh evidence and pass on the credibility of witnesses and their testimony."). Therefore, we conclude that the district court did



not abuse its discretion in concluding that Officer Nolen lacked credibility and therefore that the State failed to demonstrate that he relied in good faith on the constitutionality of NRS 484C.160(7). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Hon. Nancy L. Porter, District Judge
       Attorney General/Carson City
       Elko County District Attorney
       Kenneth J. McKenna
       Elko County Clerk

_____

[1]We have considered the State's remaining arguments and conclude that they are without merit.