# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAMIEN KYTRELL FORD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75105

**FILED**

MAY 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree murder with use of a deadly weapon. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge. Appellant Damien Ford raises five main contentions on appeal.

Ford first argues that the district court abused its discretion by admitting evidence of a prior confrontation between him and the victim, wherein it was insinuated that Ford had a firearm. We disagree. NRS 48.045(2) allows for the admission of evidence of prior acts for nonpropensity purposes such as proving intent, motive, and identity. But, before admitting evidence of such prior acts, a district court must determine if the evidence is relevant, if it is proven by clear and convincing evidence, and if the danger of unfair prejudice substantially outweighs the evidence's probative value. *Fields (Linda) v. State*, 125 Nev. 776, 782, 220 P.3d 724, 728 (2009). Here, all three factors were met. The evidence was relevant to show the conflict between Ford and the victim as a motive for the homicide, and also relevant to identity and intent, as it demonstrated that Ford and

19-23674

the victim were not strangers and had ongoing tensions.[1] Next, the evidence of the prior act was clear and convincing as the victim's girlfriend testified that she witnessed Ford and the victim get into the altercation four to six weeks before the homicide and observed Ford grab both his waist, which she took as Ford signaling that he was carrying a firearm, and the victim. Lastly, the probative value of the evidence was not substantially outweighed by unfair prejudice because it was not raised for an improper purpose; the witness did not testify that Ford actually had a firearm; and there was sufficient evidence, independent of this altercation, to convict Ford of the crime charged. Such evidence includes testimony from the victim's girlfriend who witnessed the shooting, Ford fleeing from the crime scene and the state after the shooting, testimony that after the shooting Ford stated that he thought he "hit him," and circumstantial evidence that put Ford at the scene of the crime. *See Fields (John) v. State* , 125 Nev. 785, 790, 220 P.3d 709, 713 (2009) (addressing, under the third factor, whether the evidence was presented for a permissible purpose and recognizing that "[a]lso key is the nature and quantity of the evidence supporting the defendant's conviction beyond the prior act evidence itself" (internal quotation marks omitted)). We therefore conclude that the district court did not abuse its discretion in admitting the challenged evidence. *See*

---

[1]Because the prior acts evidence was relevant for these purposes, we reject Ford's argument that the evidence was not admissible because he did not put intent at issue. *See Hubbard v. State*, 134 Nev., Adv. Op. 54, 422 P.3d 1260, 1265 (2018) (concluding that because intent is always at issue for specific intent crimes, evidence of other acts may be admissible to prove intent, but not automatically—the evidence still must be relevant for a nonpropensity purpose and its probative value must not be substantially outweighed by the risk of unfair prejudice).

SUPREME COURT
OF
NEVADA

(O) 1947A

*Newman v. State*, 129 Nev. 222, 231, 298 P.3d 1171, 1178 (2013) (reviewing the admission of evidence under NRS 48.045(2) for an abuse of discretion).

Second, Ford argues that the district court committed reversible error by intimating to the jury that the court believed that Ford was guilty. As a follow-up to Ford asking the eyewitness to the shooting about her proximity to it, the district court asked the witness to describe where Ford and the victim were "at the time that [Ford] shot [the victim]." "A trial judge has the right to examine witnesses for the purpose of establishing the truth or clarifying testimony, but in doing so he must not become an advocate for either party, nor conduct himself in such a manner as to give the jury an impression of his feelings." *Azbill v. State*, 88 Nev. 240, 249, 495 P.2d 1064, 1070 (1972). Here, Ford did not object, and we discern no plain error in the district court's clarifying question to the witness as the court was merely restating the witness's testimony that Ford shot the victim. *See Martinorellan v. State*, 131 Nev. 43, 48, 343 P.3d 590, 593 (2015) (applying plain error review to unpreserved errors). Reversal is therefore not warranted based on this argument.

Third, Ford argues that the district court erred in admitting hearsay testimony from a witness that, on the day of the shooting, the victim said Ford threatened him. The witness stated the threats occurred minutes before the victim told the witness about them. Ford contends this was inadmissible hearsay and that the present sense impression exception was inapplicable because the testimony had no corroboration. We discern no abuse of discretion in the district court's decision, however, as NRS 51.085 deems statements describing an event while the declarant was perceiving it or immediately thereafter as admissible without regard to corroboration and, here, the statement was made within ten to fifteen

minutes of Ford making the threats. *See Browne v. State*, 113 Nev. 305, 312, 933 P.2d 187, 191 (1997) (noting that the rationale behind the present sense impression exception to the hearsay rule is that a statement is more trustworthy if made contemporaneously with the event being described); *see also Ramet v. State*, 125 Nev. 195, 198, 209 P.3d 268, 269 (2009) (reviewing a district court's decision to admit or exclude evidence for an abuse of discretion).

Ford also contends that the district court abused its discretion in allowing a witness to testify that Ford and the victim had an ongoing dispute—arguing that because the witness only "heard" about the conflict, the testimony was inadmissible hearsay. We agree that the district court abused its discretion in admitting the testimony. *See Ramet*, 125 Nev. at 198, 209 P.3d at 269. Despite the State's arguments to the contrary, the record shows that the statement was offered for the truth of the matter asserted and no exceptions apply that would make the hearsay otherwise admissible. This error was harmless, however, as the jury had already heard similar admissible evidence from another witness and the other evidence against Ford was substantial. *See Franco v. State*, 109 Nev. 1229, 1237, 866 P.2d 247, 252 (1993) (reiterating that hearsay errors are subject to harmless error analysis); *Tavares v. State*, 117 Nev. 725, 732, 30 P.3d 1128, 1132 (2001) (explaining that a nonconstitutional error is harmless unless it had a substantial and injurious effect or influence on the jury's verdict), *modified in part by Mclellan v. State*, 124 Nev. 263, 182 P.3d 106 (2008).

Next, Ford argues that the district court abused its discretion in excluding evidence that an unavailable witness admitted to owning bullets the police found that matched those used in the shooting, thus

compromising his ability to present his theory of the case. We disagree. While there is no question that Ford had a constitutional right to present a defense and to cross-examine witnesses, *California v. Trombetta*, 467 U.S. 479, 486 (1984); *Ramirez v. State*, 114 Nev. 550, 557, 958 P.2d 724, 728 (1998), he nonetheless was required to comply with established rules of evidence, *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *Brown v. State*, 107 Nev. 164, 807 P.2d 1379, 1381 (1991). NRS 51.345(1)(b) deems statements made by an unavailable witness that would subject the declarant to criminal liability as admissible. And while the declarant in this case subjected himself to possible criminal liabilities by admitting that he was a felon in possession of ammunition, 18 U.S.C. § 922(g)(1), the district court was correct in noting Ford's lack of establishing, despite being given an opportunity to do so, assurances of the statement's trustworthiness, such as any corroboration. *See* NRS 51.345(1) ("A statement tending to expose the declarant to criminal liability and offered to exculpate the accused in a criminal case is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."); *Coleman v. State*, 130 Nev. 229, 241, 321 P.3d 901, 909 (2014) (identifying factors that are relevant to the inquiry of a statement's corroborating circumstances and trustworthiness); *Walker v. State*, 116 Nev. 670, 676, 6 P.3d 477, 480 (2000) (stressing that the statutory test for determining the admissibility of statements against penal interest is whether the totality of the circumstances indicates the trustworthiness of the statement or corroborates the notion that the statement was not fabricated to exculpate the defendant).

Ford also argues, for the first time on appeal, that the district court abused its discretion in permitting the detective to testify that he did

 

not consider the person claiming ownership of the bullets matching those found at the crime scene a suspect because the detective's conclusion was based on hearsay. Nevada has allowed "course-of-investigation" testimony over hearsay objections when the defense attacks the adequacy of a police investigation, but has cautioned against the potential for abuse in this type of testimony. *Collins v. State*, 133 Nev. 717, 726, 405 P.3d 657, 666 (2017) (stressing that "course-of-investigation" testimony does not give carte blanche to the introduction of unconfronted hearsay or evidence irrelevant to guilt or innocence). Because Ford did not object to the detective's testimony, it is unclear which statements Ford contends the detective inappropriately relied on. But the statements the detective considered and testified to would not have been inadmissible hearsay because they would not have been used for the truth of the matter asserted, but instead offered to show why the detective took certain steps in his investigation of the crime. *See Wallach v. State*, 106 Nev. 470, 473, 796 P.2d 224, 226-27 (1990) (recognizing that the hearsay rule does not apply when the statement is not offered to prove the truth of the matter asserted, but rather for its effect on the listener); NRS 51.035 (defining hearsay); *People v. King*, 294 P.2d 972, 974-75 (Cal. Ct. App. 1956) (concluding that the hearsay rule did not apply when a statement was offered to show probable cause for a police officer's search of a premises). The course-of-investigation testimony had relevance here, because Ford attacked the police investigation by questioning why the bullet casings found at the crime scene were not fingerprinted. Accordingly, this argument does not provide a plain error basis for reversing the conviction. *Martinorellan*, 131 Nev. at 48, 343 P.3d at 593.

Ford's final contention that cumulative error warrants reversal also fails as only one error was established. *See United States v. Sager*, 227

F.3d 1138, 1149 (9th Cir. 2000) ("One error is not cumulative error."). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

cc:   Hon. Douglas W. Herndon, District Judge
     Anthony L. Abbatangelo
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk