# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTINA DANG,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76623

**FILED**

JUN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted robbery with a deadly weapon, victim is an older person; battery with a deadly weapon, victim is 60 years of age or older; assault with a deadly weapon; and two counts of carrying a concealed firearm or other deadly weapon. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Christina Dang argues that the district court abused its discretion by denying her motion for a mistrial after improperly excluding her testimony as to why she lied to police after her arrest. We agree that the district court abused its discretion in excluding Dang's testimony given that the questions posed would not elicit inadmissible hearsay. Indeed, counsel merely asked Dang whether her previous statements to the police were truthful and did not ask her to testify to what those statements were. *See* NRS 51.035 (defining hearsay); *see also Ramet v. State*, 125 Nev. 195, 198, 209 P.3d 268, 269 (2009) (reviewing a district court's decision to admit or exclude evidence for an abuse of discretion).

This error was harmless, however, as Dang testified regarding her statements to police during her redirect testimony and there was strong evidence aside from her statements to police supporting the convictions—DNA evidence, multiple eyewitnesses, physical evidence, and evidence

19-26037

found on Dang's person upon arrest—such that the error likely had little effect on the jury's verdict. *See Franco v. State*, 109 Nev. 1229, 1237, 866 P.2d 247, 252 (1993) (reiterating that hearsay errors are subject to harmless error analysis); *see also Tavares v. State*, 117 Nev. 725, 732, 30 P.3d 1128, 1132 (2001) (explaining that a nonconstitutional error is harmless unless it had a substantial and injurious effect or influence on the jury's verdict), *modified in part by Mclellan v. State*, 124 Nev. 263, 182 P.3d 106 (2008). Therefore, the district court did not abuse its discretion in denying Dang's motion for a mistrial. *See Rudin v. State*, 120 Nev. 121, 142, 144, 86 P.3d 572, 586-87 (2004) (stressing a district court's broad discretion to determine whether a mistrial is warranted and explaining that the decision will not be overturned absent an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:     Hon. Michael Villani, District Judge
        Law Offices of Carl E.G. Arnold
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk