IN THE SUPREME COURT OF THE STATE OF NEVADA

LANAYAH HAPPY A/K/A ALANNA
KATHLEEN HAPPY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78914

FILED

JUL 1 6 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery on an officer, leaving the scene of an accident involving personal injury, battery with a deadly weapon, eluding a police officer, and five counts of assault with a deadly weapon. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

Appellant Lanayah Happy argues that the district court violated her constitutional right to present a defense by excluding evidence supporting her duress defense. We review a district court's decision to exclude evidence for an abuse of discretion. *Vega v. State*, 126 Nev. 332, 341, 236 P.3d 632, 638 (2010). But we will not reverse a judgment of conviction if the error is harmless. *Newman v. State*, 129 Nev. 222, 236-37, 298 P.3d 1171, 1181-82 (2013). We will deem an error affecting a defendant's constitutional right to present a complete defense harmless only when we can determine, beyond a reasonable doubt, that the error did not contribute to the verdict. *Coleman v. State*, 130 Nev. 229, 243, 321 P.3d 901, 911 (2014).

At trial, Happy sought to introduce evidence that she committed the crimes under duress because she was suffering from trauma as a result of police fatally shooting her uncle the previous day. The district court allowed Happy's expert, a psychiatrist with expertise on trauma, to testify on "fight or flight," trauma generalities, and whether Happy's

20-26196

recount of the events during trial was consistent with a trauma response. But the district court precluded Happy from asking the expert if she would expect the uncle's shooting death to have affected Happy during the commission of the crimes charged. The district court erred by limiting the expert's testimony in this way. *See* NRS 50.295. But we conclude the error was harmless beyond a reasonable doubt.[1] The expert's excluded testimony did not show that Happy committed the charged acts or omissions "under threats or menaces sufficient to show that [she] had reasonable cause to believe, and did believe, [her life] would be endangered if [she] refused, or that [she] would suffer great physical harm." NRS 194.010(8). That testimony therefore did not support a duress defense. Indeed, Happy's own testimony did not suggest that she acted under duress—she testified that her response to law enforcement was due to being under the influence of drugs; feeling sad, angry, and frustrated about her uncle's death; being unwilling to go to jail; and defending herself once the initial officer became physical.[2] *Cf. Cabrera v. State*, 135 Nev. 492, 497, 454 P.3d 722, 726 (2019) (concluding the defendant presented "ample evidence to support a duress defense" where her testimony supported her fear of her codefendant and her belief that her only choice was to commit the crime with him). And there was overwhelming evidence of her guilt presented at trial, including the

---

[1]This conclusion is based solely on the district court's oral rulings during the motion hearing and trial as Happy did not include any written or minute order from the district court on this issue. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d, 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

[2]Happy also conceded on cross-examination that duress was not relevant to her commission of the crimes.

testimony of Happy as well as numerous eyewitnesses. It thus is clear beyond a reasonable doubt that a rational jury would have found Happy guilty absent any error in limiting the expert's testimony.[3]

Happy next argues that the district court erred in precluding her testimony about her uncle's shooting. We agree. The district court ruled that the testimony was hearsay, but the question posed to Happy did not elicit an out-of-court statement—Happy was asked what the circumstances were of her uncle's passing. *See* NRS 51.035 (defining hearsay). And even if Happy's answer was based on hearsay, her answer was not hearsay because it was offered for its effect on Happy, not for the truth of the matter asserted. *See Wallach v. State*, 106 Nev. 470, 473, 796 P.2d 224, 227 (1990) ("A statement merely offered to show that the statement was made and the listener was affected by the statement . . . is admissible as non-hearsay."). But this error was harmless because the jury heard the evidence when Happy both acknowledged on cross-examination and argued in closing that

---

[3]The record does not show that the district court prevented Happy from asking the expert hypothetical questions, so we do not address that argument further. And we decline to address Happy's contention that the district court violated her Fifth Amendment right against self-incrimination by *requiring* her testimony as a condition to the expert testifying. Happy did not provide the district court's order that included this requirement such that the argument is not supported by the record. *See Greene*, 96 Nev. at 558, 612 P.2d at 688; *see also Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) ("When an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision."). And all the references in the record to Happy testifying properly focused on foundational issues for the expert's testimony. *See United States v. Singh*, 811 F.2d 758, 762 (2d Cir. 1987) ("[T]he court did not compel appellant to testify at all. It merely refused to accept the proffered testimony of other witnesses until a proper foundation was laid. There was nothing erroneous about this.").

the police shot her uncle the day before the incident and that his death upset and saddened her because he was her father figure. *See Walker v State*, 116 Nev. 670, 677, 6 P.3d 477, 481 (2000) (holding that "hearsay errors are subject to harmless error analysis").

Finally, Happy argues that cumulative error warrants reversal. We conclude that the errors identified above did not have a cumulative impact on the jury's verdict where, despite the serious nature of the crimes charged, the issue of guilt was not close and the errors are insignificant in quantity and character in the context of the entire record. *See Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008) (when assessing cumulative error claims, this court considers, "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged" (internal quotation marks omitted)). We therefore

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Egan K. Walker, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk