IN THE SUPREME COURT OF THE STATE OF NEVADA

TRACY ANN BAEHR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78535

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery with the use of a deadly weapon resulting in substantial bodily harm constituting domestic violence.[1]  Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.  Appellant Tracy Baehr raises two main contentions on appeal.

First, Baehr argues that insufficient evidence supports the conviction because the State did not disprove that she shot her husband, the victim, in self-defense or by accident.  We disagree.  The minor son of Baehr and the victim testified that Baehr initiated physical contact by striking the victim multiple times while inside the house.  The victim testified similarly.  He also testified that once Baehr left the house and went into the garage, he followed, she pointed her gun at him, he took her to the ground by her arm, and then she shot him in the leg.  That Baehr testified differently does not affect our decision because it is the jury, not this court, that "weigh[s] the evidence and pass[es] upon the credibility of the witness." *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975); *see also Bolden*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-41522

*v. State*, 97 Nev. 71, 72-73, 624 P.2d 20, 20 (1981) (upholding a jury verdict where conflicting testimony was presented). Thus, viewing the evidence in the light most favorable to the State, it was sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact.[2] *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (stating standard for reviewing sufficiency of the evidence); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008) (same); NRS 33.018(1) (defining acts that constitute domestic violence ); NRS 200.481 (defining battery); NRS 193.200 ("Intention is manifested by the circumstances connected with the perpetration of the offense.").

Second, Baehr claims the district court erred in sustaining two State objections, which improperly limited her cross-examination. The district court did not abuse its discretion in sustaining a hearsay objection where Baehr's question would elicit what a prosecutor said to the victim during a pretrial interview. *See Ramet v. State*, 125 Nev. 195, 198, 209 P.3d 268, 269 (2009) (reviewing a district court's decision to admit or exclude evidence for an abuse of discretion); *see also* NRS 51.035 (defining hearsay); NRS 51.065 (providing when hearsay is inadmissible). Baehr's claim that she intended to elicit the effect the statement had on the victim is unavailing where the question could only elicit an inadmissible out-of-court statement, and Baehr withdrew the question without attempting to rephrase it to elicit non-hearsay or proffer to the district court that it was not being offered for the truth of the matter.

---

[2]To the extent Baehr argues that the jury failed to follow the district court's self-defense and accident instructions, we must presume that the jury followed the instructions. *See Leonard v. State*, 117 Nev. 53, 66, 17 P.3d 397, 405 (2001).

Supreme Court
of
Nevada

(O) 1947A

Also, the district court did not abuse its discretion or violate Baehr's confrontation clause rights in sustaining the State's asked-and-answered objections after Baehr posed similar questions to the son several different times. *See Mendoza v. State*, 122 Nev. 267, 277, 130 P.3d 176, 182 (2006) ("Determinations of whether a limitation on cross-examination infringes upon the constitutional right of confrontation are reviewed de novo."); *Leonard*, 117 Nev. at 72, 17 P.3d at 409 (explaining the district court's broad latitude to restrict cross-examination that is aimed at exploring potential bias when the court has concerns about witness harassment, issue confusion, and/or repetitive questions). Baehr's contention that she was not asking the same question but rather asking *why* the son thought his trial testimony differed from his pretrial statements does not support a confrontation clause violation where Baehr had already posed that question to the son, Baehr asked it again after the district court sustained the objection, and the son answered each time.[3] Having considered Baehr's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.     _____, J.
Hardesty                          Cadish

---

[3]As we have not identified any errors, Baehr's cumulative error claim fails.

cc: Hon. Tierra Danielle Jones, District Judge
Justice Law Center
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A